
COOK and KANE *against* MANCIUS and VISSCHER.

A plea in bar naming certain judgment creditors, not parties to the bill, without stating, affirmatively, that they ought to be made parties, is good; but if the plea simply state facts from which it may be inferred, that other parties are necessary, without naming them, or averring that they are necessary parties, it is informal and bad.

A plea should rest the defence on a single point; but though it should be multifarious, yet, if it discloses facts which form a fatal objection to the bill, as the names of necessary parties, it will be suffered to stand, with liberty to the plaintiff to amend his bill, by adding the parties, on payment of the costs of the plea and subsequent proceedings, but not of the useless matter in the plea.

THE bill stated, that the plaintiff *C.* having a judg- *September* 25th. ment, in *trust* for the plaintiff *K.*, in the Supreme Court, against the defendant *V.*, docketted the 9th of *July*, 1817, the sheriff, on an execution issued on that judgment, and other executions on prior judgments, (but which had since been paid,) against *V.*, sold, on the 24th of *July*, 1818, the right of *V.* to a piece of land in *Watervliet*, of 140 acres, of which *V.* was seised, subject to a mortgage, to the defendant *V.*, for 10 dollars; that the defendant *M.* was present at the sale, and declared himself the owner, thereby preventing other persons from bidding. That, on the 22d of *May*, 1810, before the purchase of the premises by *V.*, *Garret G. Van Zandt*, being seized thereof, executed a mortgage of the same to *Henry Ostrom*, to secure 2,785 dollars, which mortgage was foreclosed in this court, and a decree for a sale made the 25th of *May* last. That, after the 9th of *July*, 1817, and before the sale, on the 24th of *July* last, the defendant *V.*, in order to defraud the plaintiff *K.* of the amount of the said judgment in favour of the plaintiff *C.*, sold the premises to the defendant *M.*, without consideration; and by deceitful representations to the solicitor and counsel of *O.*, procured the decree for the sale of the premises, which directed, that on

the sale, the *surplus, after satisfying the mortgage debt, should be paid over to the defendant V.* That the premises were sold by a Master, on the 25th of *July* last, under the decree, to the defendant *M.*, for 2,000 dollars, and the sum of 1,080 dollars was the balance, including costs, due on the mortgage. That the defendant *M.* had notice of the judgment against *V.*, and that the same was unsatisfied; and on the day of sale, the plaintiff *C.* offered to pay to the Master the amount due on the mortgage, which was refused. That the defendant *M.* did not pay the Master the 2,000 dollars bid by him, but only 1,080 dollars due on the mortgage, with costs; and that *M.* acted *as the agent of V.*, and to defeat the demand of the plaintiff against *V.*, purchased the land, under an agreement with *V.*, that the residue of the 2,000 dollars, after deducting the mortgage, should be deducted from the consideration agreed to be paid for the premises, in case he should be obliged to pay that residue to the plaintiff; and that the defendant *V.* never has received from *M.* the residue of the purchase money. Prayer, that the defendants may pay into court the 920 dollars, being the surplus of the purchase money, after deducting the 1,080 dollars due to *Ostrom*, or on their refusal to do so, that they may be decreed to convey to the plaintiff *C.* the mortgaged premises, and pay the costs, &c.

The defendants put in separate pleas in bar, stating, that before the bill of the plaintiffs was filed, to wit, on the 25th of *May*, 1818, in the suit of *H. Ostrom* v. *Gerrit G. Van Zandt and wife, Lyman Standford, and the defendant V.*, a decree was entered for the sale of the mortgaged premises by a Master, on six weeks notice, and that out of the proceeds the Master pay the mortgage debt and costs; and "that the residue of the moneys, if any, be paid to the defendant *V.*;" that, in pursuance of this decree, the Master sold the premises on the 21st of *July*, 1818, at auction, to the defendant *M.*, for 2,000 dollars;

and on the 22d of *July*, executed a deed, and reported to this court the proceeding and sale, and that the amount of the debt and costs on the mortgage had been received from the purchaser to 1,080 dollars, and paid to the plaintiff in that suit, and that the residue of the purchase moneys had been paid over by him to the defendant *V.* That in *May* term, 1817, *C. D. Cooper* recovered a judgment in the Supreme Court against the defendant *V.*, for 138 dollars 51 cents; that in *January*, term, 1816, the corporation of the city of *Albany* recovered a judgment against *V.* for 662 dollars 26 cents, docketted the 2d of *November*, 1816.

That in *May* term, 1817, the said corporation recovered a judgment against *V.* for 233 dollars and 27 cents; and that *John B. Visscher*, recovered a judgment against the defendant *V.*, for 305 dollars and 60 cents, docketted 10th of *May*, 1817. And the defendants pleaded and averred, that the said judgments are in force, and wholly due and unpaid, and pleaded the same in bar. The pleas were sworn to.

The question arose on the validity of these pleas.

*W. Hale*, for plaintiffs.

*J. V. N. Yates*, for the defendants.

THE CHANCELLOR. The substance of the plea is, that the bill does not contain proper parties, and it discloses facts showing that there are judgment creditors interested in the surplus moneys, and who have a prior claim to that of the plaintiffs. The plea only states the facts from which we are to infer that further parties are necessary, and then, instead of saying affirmatively, *that additional parties are necessary*, the defendants say they are not bound farther to answer, and plead those facts in bar. Such a plea was held to be informal, and leave was given to amend it, in *Merrewether* v. *Mellish.* (13 *Ves.* 435.)

But in that case the parties were not named at all. Here the prior judgment creditors are named, and the objection would seem, then, to be confined to the mere want of form in not stating, in so many words, that those judgment creditors are necessary parties. This I do not think material, and that branch of the plea is, therefore, good. But the preceding part of the plea sets forth the decretal order for the sale of the mortgaged premises, and the proceedings by the Master. This is distinct matter, and contrary to the rule of pleading, which will not allow multifarious matter in one plea, but requires that the defence in a plea should rest on a single point. If the object of this was to show that *Ostrom*, the plaintiff in the suit upon the mortgage, ought also to have been a party, there was no necessity for stating all the proceedings by the Master. The fact might have been briefly stated, without incumbering the plea with such a detail of matter, and which must have been inserted for other purposes than merely to show that *Ostrom* ought also to have been a party. Nor was it necessary that *Ostrom* should have been a party to this suit, for he cannot be affected in interest, since the object of the suit is only to procure the surplus moneys arising upon the sale, and with which *Ostrom* can have no concern. He is not charged with any act whatever that is put forward as a ground for relief.

But though the plea be censurable for the multifariousness of its matter, it nevertheless discloses a fatal objection to the bill, as it now stands, and I am not inclined to overrule it altogether. The judgment creditors mentioned in the plea must be made parties; for their claim to the surplus may be better than that of the plaintiffs, and the plaintiffs cannot obtain a decree for it, until they are heard. I shall, therefore, let the cause stand over, with liberty to the plaintiffs to amend their bill by making those creditors parties; and it must be upon the payment of the costs of the pleas and the subsequent proceedings; but in

taxing the costs, the defendants are not to be allowed for
any part of those pleas that relate to the proceedings in
Chancery, or the proceedings by and before the Master.
The defendants are to be entitled to the usual time to an-
swer the bill when amended.

Order accordingly.