MARY GOULD, *by her next friend*, SIMEON SINCLAIR *v.* JOSEPH GOULD.

[IN CHANCERY.]

*Conveyance by husband to wife of land purchased by her before, but deeded to him after her coverture. Chose in action.*

The oratrix, being now the wife of the defendant, had, before her marriage with him, contracted to purchase of one T. a piece of land for seventy-five dollars, towards which she paid sixty dollars, and took possession of the premises, but suffered the title to remain in T. as security, for the fifteen dollars which remained unpaid until after her marriage, when her husband (the defendant) paid it and persuaded T. to deed the premises to him. *Held*, that upon the oratrix paying to the defendant the amount he had paid to T. she would be entitled to such a conveyance from her husband, through the intervention of a trustee, as would vest in her the fee of the land, so that both she and her husband would have those rights to, and that interest in the premises which they would respectively have had if the deed had been made by T. directly to her before her marriage; but that she was not entitled to a conveyance of the premises to a trustee for *her sole use and benefit.*

Gould *v.* Gould.

T. being ready and willing to convey upon the oratrix performing on her part, the sixty dollars paid to him was not a chose in action of the oratrix which the husband could entitle himself to by reducing it to possession.

APPEAL FROM THE COURT OF CHANCERY. The oratrix in her bill alleged that on the 15th of December, 1853, she intermarried with, and was then the wife of the defendant, Joseph Gould; that before her marriage, on the 20th of February, 1850, she bargained with one Marcus A. Taylor for a piece of land in Hardwick, containing about one and one-fourth acres, on which there was a dwelling house, barn, and the necessary out-buildings for a family, for the sum of seventy-five dollars; and paid him the sum of sixty dollars, leaving fifteen dollars towards said purchase unpaid; and that it was agreed that the said Taylor should retain the title to said land in himself in trust for the oratrix until the fifteen dollars was paid, when he was to give her a good and sufficient title to the premises; that she went into the possession of said premises, with her family, consisting of an aged father and mother, and some other dependent relatives, and that, before she was enabled to pay said fifteen dollars, she intermarried with the defendant; that the defendant, as her husband, occupied said premises and made the same his home, with his family, consisting of the oratrix and her dependent relatives, and that, learning the situation of said premises, and without the consent, procurement or knowledge of the oratrix, he went to the said Taylor and represented that as he was the husband of the oratrix it was proper and right, and that it was by her consent that said Taylor should deed said premises to him, the defendant, on the payment of the balance due for the same; and that the said Taylor, supposing the representations of the defendant to be true, deeded said premises to him as his sole property, he paying the balance and interest thereon due; which said deed, being duly executed, the defendant had caused to be recorded, and thereafter claimed the premises in his own right, and denied all interest, legal or equitable, in the oratrix; that the oratrix had frequently requested the defendant to deed said premises in trust to some friend for her use, she offering at the same time to procure and pay to him the money he had paid to said Taylor, and she had procured a friend of hers (to wit, Simeon Sinclair, and by whom she now sued,) to tender to the

defendant the money he paid to Taylor, with the interest thereon, and requested him to deed said premises either directly to the oratrix, or to said Sinclair in trust for her, which the defendant refused to do, but claimed the premises in his own right.

The bill prayed that the defendant might be decreed to deed the said premises to the oratrix personally, or to some suitable person to hold the same in trust for her, as to the court should seem meet, upon payment of the sum advanced by him, &c.

The defendant in his answer admitted the marriage between himself and the oratrix, but set forth that soon after said marriage the oratrix requested him to pay the balance of the purchase money for said land and take a conveyance of the same from the said Taylor, which the defendant afterwards did, and took a deed of the same, bearing date the 18th day of March, A. D. 1854, and thereby reduced said chose in action to possession, as he claimed he had a right to do, &c.

The defendant's answer was traversed and testimony was taken in behalf of each party, the facts deducible from which being sufficiently stated in the opinion of the court. Among the witnesses examined were the oratrix and defendant, and motions to suppress the testimony of the other were made by each of the parties respectively. The court of chancery at their December Term, 1855, — POLAND, Chancellor, — ordered and decreed that the oratrix within sixty days pay to the clerk of the court of chancery, for the use and benefit of the defendant, the sum of fifteen dollars and ninety-one cents and interest thereon from the 18th day of March, 1854; and upon such payment being made, that the defendant within thirty days thereafter execute and file with said clerk a good and sufficient deed of release and quit-claim of all his right and interest in and to the premises described in the complainant's bill, as conveyed to the defendant by Marcus A. Taylor on the 18th day of December, 1854; said deed to be made to the said Simeon Sinclair in trust for the sole use and benefit of the oratrix.

From this decree the defendant appealed.

*E. W. Stone* and *J. A. Wing*, for the defendant.

*B. N. Davis*, for the oratrix.

The opinion of the court was delivered by

ISHAM, J. The contract between the oratrix and Taylor for the purchase of the premises described in the bill and the payment of most of the purchase money was made before her marriage with the defendant. At the time of her marriage, and for some time previous, she had been in the actual possession and occupancy of the premises. By that agreement Taylor was to convey the premises in question to her on the payment of seventy-five dollars, sixty dollars of which was paid at that time, and as security for the payment of the balance, and in trust for her, the legal title was to remain in his hands. The defendant, after his marriage with the oratrix, and without her knowledge or consent, obtained a deed in fee of these premises from Taylor to himself. It is unnecessary to repeat the testimony in the case, as we think the fact is fully proved that the deed was wrongfully obtained, and upon representations not true in fact. The oratrix seeks to have these premises conveyed to her, so that at least she may have the same right to the premises she would have had if they had been conveyed to her by Taylor before her marriage to the defendant.

The case is unembarrassed by any question arising under the statute of frauds, though the contract for the purchase and sale of the premises was and still is in parol. That question can only arise between the oratrix and Taylor. The defendant cannot avail himself of that statute in claiming a title to these premises under a deed wrongfully obtained. Independent of that consideration, the payment of most of the purchase money by the oratrix, *with the actual possession and occupancy of the premises under that contract*, is such a part performance of it as will, in equity, avoid the statute of frauds and render the contract obligatory. The money actually paid is binding upon the oratrix. So long as Taylor was ready and willing to perform the contract on his part, by conveying the premises, she could not recover back the money paid ; nor can the defendant treat the matter as a chose in action, and by reducing it to his possession claim the money as his own. As between Taylor and the oratrix, a court of equity would

enforce a specific performance of that contract by decreeing, on the payment of the balance of the purchase money by the oratrix, a transfer of the premises to her; Story's Eq. Juris., secs. 761, 763, and cases cited.

The marriage of the oratrix with the defendant did not change that relation. Taylor was still bound in equity to convey the premises to her on payment of the balance due him. He could do no act, without her consent, to defeat her equitable interest in that contract, or to the premises which he held in trust for her. In equity, on the payment of the purchase money from her own property, she is to be regarded as the owner of the land from the time the contract was made. The case is to be decided on that ground, the same as if the contract had been executed before her marriage. Justice STORY observes, 2 Eq. Jur., secs. 789, 790, that " in *courts of law* contracts respecting lands, of which a specific execution will be decreed in equity, are considered as simple executory agreements, and not attaching to the property as an incident, or as a present or future charge. But courts of equity regard them in a different light. They treat them for most purposes *precisely as if they had been specifically executed.* The general principle (he observed) is, *that from the time of the contract* for the sale of the land, the vendor, as to the land, becomes a trustee for the vendee, and the vendee, as to the purchase money, a trustee for the vendor, who has a lien upon the land therefor;" *Champion* v. *Brown,* 6 John. Ch. 403; *Green* v. *Smith,* 1 Atk. 572; 1 Fonb. Eq. B. 1 Ch. 6, sec. 9, and note (S.) If the conveyance in this case had been made to the oratrix before her marriage, she would have had the fee in the land, and the defendant only an estate during coverture, or in case of issue capable of inheriting, an estate as tenant by the curtesy. These respective rights are to be protected against any wrongful or fraudulent act of either party. It is not competent for the defendant, without the consent of the wife, by procuring a deed of the premises to be executed to himself, to defeat her equitable right to the fee of the land which she acquired before her marriage. The defendant, having obtained such a deed, if he is permitted to hold the premises under it, has acquired a greater right than that to which he is entitled by his marriage relation, and in equity he

must be regarded as holding the property as trustee of the oratrix to the same extent that the property was held by Taylor before his conveyance to the defendant. The defendant, therefore, on being repaid the sum he advanced to Taylor as the balance of the purchase money due him, should be required to convey the premises to the oratrix. That will give to her the fee of the land, subject to a life estate of the defendant.

The chancellor decreed a conveyance of these premises to Simeon Sinclair in trust for the sole use and benefit of the oratrix. The effect of that decree will be to deprive the defendant of his interest in the estate. To that extent, we think, the decree cannot be sustained. The conveyance by the defendant should be so made that each of these parties shall have the same rights and interest they would have had if the conveyance had been made by Taylor directly to the oratrix before her marriage with the defendant.

We have paid no particular attention to the motion to suppress the testimony of the wife or husband in this case, as the conclusion to which we have arrived is based upon facts proved by testimony independent of that of the parties. The result would not be varied by their testimony.

The decree of the chancellor must be reversed with costs, and the case remanded with directions to cause a conveyance of these premises to be made by the defendant to the oratrix, through the intervention of a trustee, on her paying or causing to be paid to the defendant the amount he paid to Taylor as a part of the purchase money, and that the time of paying the money and executing the deed be fixed by the chancellor.