MISSOURI PAC. RY. Co. v. TEXAS & P. RY. Co., (SOUTHERN PAC. Co.
et al., Interveners.)

(Circuit Court, E. D. Louisiana. April 14, 1892.)

1. EQUITY PLEADING—DEMURRER—PLEA.
While a defendant cannot plead merely the facts averred in the bill of complaint, but must present his objections to their sufficiency by demurrer, yet he may present a good plea by averring, along with the facts contained in the bill, other and additional facts, provided that both together establish a defense to the bill.

2. RES ADJUDICATA—SEVERABILITY OF CONTRACT.
In an action in a state court upon one contract contained in an "omnibus agreement" between several railroads, the court held that this contract had not become res judicata, by a certain judgment rendered in a territorial court, because it was not included among the litigated contracts, and was separable from the other

contracts, and thereupon adjudged this contract to be void. as contravening a state constitution. Thereafter one of the parties brought a new suit, averring that the· contract held invalid was in its nature, and the considerations out of which it sprang, dependent upon other contracts contained in the omnibus agreement, in such manner that its annulment gave rise to an equity either to rescind the whole agreement, or to obtain compensation for the loss sustained by the annulment. *Held*, that the former adjudication as to the severability of the contract related only to the question whether the clause was so dependent as to be *res judicata* by the decision of the territorial court, and did not render *res judicata* the question whether it was not dependent in such sense as to give a right to the relief asked.

In Equity. Bill by the Missouri Pacific Railway Company against the Texas & Pacific Railway Company. Heard on the intervention of the Southern Pacific Company and the Galveston, Harrisburg & San Antonio Railway Company for the rescission of an agreement or compensation for the loss sustained by the annulling of a portion of the agreement.

*Howe & Prentiss*, for cross complainant, Texas & P. Ry. Co.

*Leovy & Blair*, for intervener, Southern Pac. Co.

BILLINGS, District Judge. In this case there are submitted two pleas of the interveners. The first is a supplemental plea to a cross bill filed by the defendant. The second is a plea of the interveners to the amended and supplemental cross bill. The questions are as to sufficiency of these two pleas.

I will first consider the supplemental plea to the cross bill. This plea is to that portion of the original cross bill which seeks to recover from the Southern Pacific Railway Company, as the successor to the obligations of the Galveston, Harrisburg & San Antonio Railway Company, certain pool balances under what is known in the argument as the "pooling contract," which was contained in section 6 of what may be termed the "omnibus agreement," executed on the 26th day of November, A. D. 1881, by Mr. Huntington and Mr. Gould for a number of railroads, which agreement was afterwards ratified by the railroad companies themselves. It seems that, after this plea was filed, an amended cross bill was filed. This amended bill, which is termed an "amended and supplemental cross bill," has taken the place of the original cross bill, and stands as the sole pleadings of the cross complainant in the cause. This state of pleading obviates the necessity of any judgment upon the sufficiency of the supplemental plea to the original cross bill, as the filing of the amended cross bill withdrew the original cross bill, and with it went the necessity of passing upon the sufficiency of any plea to any portion of it. This leaves to be considered the sufficiency of the plea of the interveners to the amended and supplemental cross bill of the defendant.

There is one objection to this plea from its structure, in that it pleads matter which the bill itself avers, to wit, the adjudication of the invalidity of the contract known as the "Pooling Contract." The answer to this objection is that it pleads, not only the adjudication of the invalidity of the contract, but also the severability or separateness or independence of the contract from the other contemporaneous contracts contained in the agreement; for while it is true that a defend-

ant cannot plead merely the facts averred in the bill of complaint, but if he objects to their sufficiency to authorize a recovery must present his objections thereto by demurrer, it is also true a defendant may present a good plea by averring the facts contained in the bill, and, along with them, other and additional facts not contained in the bill, provided that the facts taken from the bill and the new facts together establish a defense to the bill. So that my conclusion is that what may be termed the "structural objection" to the plea is not well taken.

The question, then, is presented, and must be decided, whether the plea is intrinsically sufficient. The bill (so far as relates to the portion thereof answered by the plea) sets up that an omnibus agreement, made up of more or less interdependent contracts-or stipulations, was entered into by these parties, or those to whose obligations they have succeeded; that subsequently one of these contracts or stipulations, by a court of competent jurisdiction, between these same parties, was adjudged to be void; that this contract was, in its nature and the consideration out of which it sprung, dependent upon the other contracts and their consideration as a part is upon a whole; and that; therefore, there has arisen an equity to the cross complainant, in accordance with which it has a right to demand, and does demand, either a rescission of the entire agreement, or compensation to the extent of the loss which it has sustained by the annulling of the contract which has been set aside and avoided. The plea sets up that it has already been adjudged between the intervener and cross complainant, not only that the contract was void, but that it was also a contract independent and separate from the others contained in the agreement. There is a reference in the plea to the record out of which the adjudication came, and that record is made a part of the plea, so that as the case is presented by the plea, and in the arguments of the respective solicitors, the facts which make up the record of adjudication are put before the court, and upon the record of adjudication the court is called upon to decide the sufficiency of the plea. Except that no evidence *aliunde* the record has been submitted, the case is therefore quite like a case where the plea and a replication had been submitted upon proofs made up of the record of the case in which the adjudication took place.

That record shows that a suit was brought in the courts of the state of Louisiana by the cross complainant against the interveners upon the pooling contract. The interveners, defendants in that cause, answered by an exception that the pooling contract was void—*First*, as being against public policy; *secondly*, as being against the interstate commerce act of congress; and, *thirdly*, as being in conflict with the constitution of the state of Texas. Upon this last or third ground the defense was maintained and the pooling contract adjudged void. This judgment was affirmed by the supreme court of the state of Louisiana, (6 South. Rep. 888,) and afterwards was affirmed by the supreme court of the United States, (11 Sup. Ct. Rep. 10;) this last affirmance being on the ground that no federal question was presented in such a way that the federal court could review the cause upon its merits. The opinion of the civil district

court is not given. The opinion of the supreme court of the state of Louisiana is elaborate, and is given in full in the record which has been submitted, and shows that that tribunal did decide that this, the pooling contract, was not only void, but was a separate or independent contract. But that separateness or independence was declared in connection with this state of facts. This entire omnibus agreement had, by consent of all parties, been made the subject of a judgment in two cases pending in the territorial courts of the United States. The supreme court of the state held that the territorial judgments took hold of and made things adjudged of the litigated contracts alone, of which this pooling contract was not one. If all the contracts had become things adjudged, the defendants (the interveners here) could not have interposed the exception of invalidity. The judgment would have cut them off. The court was therefore compelled to decide whether the pooling contract was among those contracts which passed into things adjudged in the decrees of the territorial courts, and decided that it did not, because only those in litigation passed into judgment, and the pooling contract was not in litigation, and provided only for the future transactions between the parties. It was in this connection that the court took up and decided as to the independence of the pooling contract.

The matter presented in the cross bill is that, by reason of the annulling of this pooling contract, an equitable right of reparation has sprung up and vested in it. It is in connection with this claim that the matter of the independence of the contract in this case is to be considered. In the other, the adjudged case, the independence of the contract was considered only in connection with the question whether it was in its terms affected by the terms of the contracts which were in litigation. Where some of the contracts contained in an omnibus agreement were held to be included in an adjudication, and others were held to be excluded from it, the ground of discrimination being whether they were in litigation or not, the question of independence had relation merely to the terms of the contract, which were looked at and compared with the terms of those in litigation. In this respect the question of independence was decided, and whatever was said in the opinion beyond this was said *obiter*. Here the question is as to the independence of this contract with reference to its consideration and that of the other contracts, for the consideration of a contract must be the determining matter with reference to compensation or reimbursement in case of annulment. The law of the case has been most fully presented by the solicitors on either side. All the well-considered cases are harmonious. In ascertaining the extent of the binding force of an adjudication, that is held to be decided which was "necessary" or "essential" to the decision, and that is held not to be decided which was merely "incidental" or "collateral."

Applying this test to this case, it seems to me that the question whether the pooling contract, so far as relates to the consideration which led to its being entered into, was a contract independent of the other contemporaneous contracts, was a question not adjudged in the former

case. If the former decree settled the independence of this contract, it settled it only with reference to whether its terms or provisions were distinct from the terms or provisions of those contracts which were crystallized into the territorial judgments, and not whether the contract was distinct from the others as to its consideration, or as to the motives which induced it, to such an extent that, if either party was deprived of the right to enforce it, he should not have indemnification for his loss arising from such deprivation as a matter connected with the right of the parties arising from the other contracts. It must be borne in mind that the question presented is not whether the cross complainant is entitled to the redress sought by his cross bill, but whether he is prevented from urging his claim for such redress by the force of the previous judgment between these same parties.

My conclusion is that the plea must be adjudged to be insufficient.

The respondents to the cross-bill may have until the next rule day in which to answer the bill.