IN RE B. M. R. NELSON'sWILL, LIZZIE G. DAVIS and her husband, GEORGE H. DAVIS, appellants, contestants.

October Term, 1897.

Present: ROSS, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Wife's Separate Estate—Parties Appellant.*

Real estate which comes to a wife by inheritance is not held by her as her separate estate, which involves as its characterizing fact that it be held to her sole use in exclusion of the marital rights of the husband.

Therefore a husband is properly joined as appellant with his wife in an appeal from the allowance of the will of her father, who was the owner of real estate at the time of his death.

APPEAL from a decree of the probate court establishing the instrument propounded. Heard on motion to dismiss the appeal as to the appellant, George H. Davis, at the September Term, 1897, Orleans County, *Rowell*, J., presiding. Motion overruled. The proponents excepted.

It was conceded, and agreed to be treated as apparent of record, that Nelson was the owner of real estate at the time of his death. Said Lizzie G. Davis is his daughter. The motion was based upon the grounds that the appellant wife was entitled to prosecute the appeal in her own name without joining her husband, that her husband had not, as such, any right to appeal, and that it did not appear that he had any other interest.

*John Young* and *W. W. Miles* for the proponent.

(1) To entitle a party to an appeal from a decree of the probate court he must have a present vested pecuniary interest in the subject matter. *Woodward* v. *Spear*, 10 Vt. 420; *Hemmenway* v. *Corey*, 16 Vt. 225; *Nimblet* v. *Chaffee*, 24 Vt. 628.

(2) The wife may prosecute the appeal alone. V. S. 2644; *Wright and Wife* v. *Burroughs*, 61 Vt. 390.

(3) The record does not show that there was any real estate which would descend to the contestant wife. The real estate of which Nelson was the owner at his death may have been only a homestead, which would descend to the widow.

(4) But if the record showed that the real estate was such as would descend to the daughter, her husband would have no right to the possession during her life, because the common law has been changed by the statute. V. S. 2647 invests the wife with the right to hold all her real estate, whether acquired before or after marriage, to her sole and separate use. This is in effect the construction placed upon it by Schouler in his work on Domestic Relations, § 114, note, where he sums up the legislation of this country, upon the subject. The construction is sound. The reason for the common law rule no longer exists.

V. S. 2647, in providing that "neither a wife's separate property, nor the rents, issues, income and products of the same, shall be subject to the disposal of her husband or liable for his debts," takes the place of R. L. 2324, which exempted from attachment on the husband's debts the rents, issues, income and products of the wife's real estate. If not, the latter provision exists nowhere, and it is not to be supposed that the legislature intended to repeal it. Hence by "separate estate" is intended, estates like that in question. *Niles* v. *Hall*, 64 Vt. 453; *Dale* v. *Robinson*, 51 Vt. 20; *Baker's Exrs.* v. *Kilgore*, 145 U. S. 487.

(5) But if the common law remains, George H. Davis had no such present, vested, pecuniary interest as entitled him to join in the appeal. See cases cited under division (1) and *Baker's Exrs.* v. *Kilgore*, *supra*. His right is contingent upon his wife's possession, and when that takes place he may not be living.

*F. W. Baldwin* and *Bates & May* for the appellant.

V. S. 2647 makes certain personal property and rights of action the sole and separate property of the wife, but does

not include real estate. It follows that George H. Davis has the ordinary marital rights in the real estate which will be inherited by the wife if the will is not established. *Swerdferger* v. *Hopkins,* 67 Vt. 136, seems to us decisive. See also *Bradley* v. *Emerson,* 7 Vt. 369; *Dale* v. *Robinson,* 51 Vt. 20; *Priest* v. *Cone,* 51 Vt. 495; *Kendall* v. *R. Co.,* 55 Vt. 438; *Smith* v. *Fitzgerald,* 59 Vt. 451; *Wright* v. *Burroughs,* 62 Vt. 264.

TAFT, J. Any real estate which the appellant Lizzie may take as an heir of the testator will not be her separate estate, which involves as the characterizing fact, that she will hold it to her sole use in exclusion of the marital rights of her husband. *Frary* v. *Booth,* 37 Vt. 78; *Hubbard* v. *Bugbee,* 58 Vt. 172. And her husband, the appellant George H., will be entitled to the rents and profits of it during coverture. *Hackett* v. *Moxley,* 68 Vt. 210. He therefore properly joined in the appeal.

*Judgment affirmed and cause remanded.*