Rhode Island Hospital Trust Co. *vs.* Nathan B. Harris *et al.*

PROVIDENCE—MARCH 9, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

The present questions relate to the nature and disposition of the proceeds of the sale mentioned in the former opinion of the court in this case ; to the payment of the taxes upon the property sold ; and to the character of the several estates taken by the beneficiaries under the will. As to these questions :—

*Held,* that as the sale of the real estate was not in pursuance of any direction of the testator, but merely for the purposes of the trust, its proceeds are to be treated as real estate.

*Held,* further, that these proceeds should be distributed among the persons who would have been interested in the real estate had it not been sold.

*Held,* further, that so much of the tax on this real estate as was not properly chargeable to the widow's share should be paid from the rents thereof accrued between the date of the widow's death and the time of the sale ; any deficiency of income for this purpose should be paid from the proceeds of the sale, and any excess should be distributed in the same manner as such proceeds are to be distributed.

As to the children of W. H., the gift was to them and the descendants of any of them who may have deceased at the time of the determination of the widow's estate :—

*Held,* that the remainders in the trust estate taken by them were contingent.

*Held,* further, that a deed and will purporting to convey a part of this remainder, and made by one of said children before the determination of the widow's estate, passed no interest therein to the grantee and devisee named in such will and deed.

One of the children who survived the determination of the widow's estate conveyed his part of the remainder, and his grantee died before such determination :

*Held,* that the covenant in his deed against the lawful demands of all persons claiming through him was operative in equity, and the right or estate conveyed was transmissible to the heirs of the grantee.

*Held,* further, that as the grantee died while the estate conveyed to him remained contingent, his widow did not take any interest in the proceeds of the sale in lieu of dower.

One of the children died before the determination of the widow's estate, leaving two children who also died before such determination, but both of whom left children :—

*Held,* that the last-mentioned children took their grandfather's interest (*per stirpes* and not *per capita*) immediately upon the decease of the testator's widow.

BILL IN EQUITY for instructions. For a statement of the facts, and of the provisions of the will referred to therein, see 20 R. I. 160.

MATTESON, C. J. This is a bill for instructions. Some of the questions raised by it were decided by our opinion in 20 R. I. 160. Since then the remaining questions involved have been submitted to our consideration on briefs filed by the parties. Our conclusions are as follows :

1. We are of the opinion that as the real estate was sold by the trustees subsequently to the death of the widow, not in pursuance of any direction by the testator but merely for the purposes of the trust, its proceeds are to be treated as real estate and are to be distributed among the persons who would have been interested in the real estate had it not been sold.

2. We are of the opinion that the rents of the real estate which accrued between the death of the widow, on August 10, 1896, and the sale of the real estate, on October 8th, following, should be applied to the payment of so much of the tax assessed on the real estate as of July 1, 1896, and paid by the complainant, as was not properly chargeable to the estate of the widow in the apportionment of that tax between her estate and the remainder-men ; that, if these rents were more than sufficient for payment, the excess should be distributed in the same manner as the proceeds of the real estate, and that, if insufficient for the payment of the portion of the

tax specified, the deficiency should be paid out of the proceeds of the real estate.

3. We are of the opinion that the remainders in the trust estate, to be taken by the children of William Harris, the brother of the testator, on the determination of the widow's estate, were contingent. The gift is to them and the descendants of any of them who may *then* have deceased, &c. It could not be known until the determination of the widow's estate who of the children would survive that event and thereby become entitled to the benefit of the gift.

The estates in remainder to be taken by the children of William Harris being contingent upon their surviving the determination of the widow's estate, it follows that William Harris, Jr., one of the children of the testator's brother William, who died before that event, took no interest in the trust estate, and consequently that no interest in it passed under his deed of June 2, 1877, to Albert N. Parker, nor under his will to his brother Nathan B. Harris, and that his widow, Sophia Harris, has no interest in the proceeds of the real estate in lieu of dower.

As Nathan B. Harris, another of the children of the testator's brother William, survived the determination of the widow's estate, his deed to said Parker, of July 5, 1877, which contained a covenant of special warranty, *i. e.*, a covenant against the lawful claims and demands of all persons claiming by, through, or under him, though inoperative in law, was nevertheless operative in equity, and the right or estate taken by Parker was in equity transmissible to his heirs and legal representatives according to the quality of the estate, real or personal. *Bailey* v. *Hoppin*, 12 R. I. 560. Inasmuch, however, as Parker himself died prior to the determination of the widow's estate, and therefore while the right or estate conveyed to him remained contingent, we do not think that his widow, Ellen A. Parker, has any interest in the proceeds of the real estate in lieu of dower.

4. We are of the opinion that so much of the one-half of the estate given to the children of the testator's brother, William Harris, as constitutes the share of Abby Rood, wife

of Elias Rood, should be paid to her sister Maria Harris as her trustee.

5. We are of the opinion that so much of the four-tenths of the trust estate given to the children of Harden Harris as constitutes the share of Abbie J. Howard, wife of Ora C. Howard, should be paid to Henry J. Dubois as her trustee.

6. We are of the opinion that the grandchildren of Caleb A. Harris took *per stirpes* and not *per capita*. The bill shows that Caleb A. Harris, one of the children of the testator's brother William, died before the testator, leaving two children, viz., Walter S. Harris and Sarah A. (Harris) Walch, both of whom died during the life-time of testator's widow, but left children who survived the death of the widow, viz., Henry A. Harris, Nellie J. (Harris) Miner, and Walter S. Harris, Jr., children of Walter, and Clinton A. Walch, son of Sarah. The gift of the trust estate on the determination of the widow's estate was to the children of the testator's brother William and the descendants of any of them who might then have deceased, in equal shares, the descendants taking the share his or her parent would have taken if then living. As Caleb A. Harris and his children Walter and Sarah were all dead at the decease of the testator's widow and the determination of her estate, the children of Walter and Sarah took immediately under the devise the share of the estate which their parents respectively would have taken had they then been living, to wit, an undivided half of the share to which Caleb A. Harris would have been entitled if he had been alive when the gift took effect.

*James Tillinghast, William R. Tillinghast, and Theodore F. Tillinghast*, for complainants.

*Charles M. Salisbury, Franklin P. Owen, Dexter B. Potter, Stephen O. Edwards, Walter F. Angell, Seeber Edwards, Henry J. Dubois, and Clarence A. Aldrich*, for the several respondents.