In re ROONEY.

(District Court, D. Vermont. June 3, 1901.)

BANKRUPTCY—ASSETS—PRODUCTS OF WIFE'S LANDS.

> Under the laws of Vermont, which provide that neither the separate property of a wife nor its rents and profits shall be subject to the disposal of her husband or liable for his debts, but by which, as at common law, the husband is tenant by the curtesy of his wife's lands, and entitled to their use, unless they are limited to her separate use by the conveyance, or the use is kept separate, a wife's lands held by her under a deed without limitation, occupied by the family, and farmed by her husband, are not her separate property, and their products are assets of the husband's estate in bankruptcy.

In Bankruptcy. On review of decision of referee.

W. H. Fairchild, pro se.

G. H. Start, for claimant.

WHEELER, District Judge. The question here is between the wife of the bankrupt and the trustee in bankruptcy of the husband as to the products of the wife's land, conveyed to her by deed without limitation as to the use, occupied by them, and carried on by him. In this state the husband has the use of the wife's land, and is tenant by the curtesy as at common law (V. S. § 2542), but "neither a wife's separate property, nor the rents, issues, and products of the same, shall be subject to the disposal of her husband or liable for his debts." Section 2647. What personal property of the wife is separate is determinable by the common law, and by other provisions of this latter statute; what real estate, by the title and occupation. Unless the lands are limited in title to her separate use, or the use is kept separate, it belongs to the husband. Shaw v. Partridge, 17 Vt. 626; Bruce v. Thompson, 26 Vt. 741; Hackett v. Moxley, 68 Vt. 210, 34 Atl. 949; In re Nelson's Will, 70 Vt. 130, 39 Atl. 750. In Clark v. Peck, 41 Vt. 145, 98 Am. Dec. 573, there was a devise to the wife of the use of land, and this use was held to be separate, because there was no devise to her of the land of which the husband by his marital right could take the use; but the general right of a husband to the use of his wife's land was fully recognized. In this case there is no limitation whatever in the wife's title to her separate use, and there has been no separate occupancy by her to the exclusion of the husband. It is a case of his occupation of her land according to his right as husband, by which the products in question raised by them were his.

Decision of referee affirmed.