## VIOLA AINGER *v.* MELVIN WHITE'S ADMRX.

October Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed February 19, 1912.

*Equity—Demurrer Based on Facts Stated in Bill—Husband and Wife—Wife's Separate Estate—Contracts to Devise to Wife—Husband's Interest—Necessity of Joinder of Husband in Suit by Wife for Specific Performance—Pleas in Equity—Discretion of Court—Ruling Pro Forma.*

A defendant in equity cannot base a plea solely on facts stated in the bill, for in that case he must demur; but a good plea may consist of the averment of such facts and of additional facts.

Under P. S. 3037, 3040, governing the property rights of married women, a wife's real estate, or any interest therein, acquired by her before or during coverture, is not held to her sole and separate use unless it is so limited by some provision of the contract or instrument by which she acquires it.

A husband living with his wife on a farm is a necessary party to a suit in equity by her against the administrator of a decedent's estate to compel specific performance of decedent's agreement with the wife to devise the farm to her after she and her husband had lived thereon, and done all that was required of them under the agreement, where the bill does not show that, by the agreement, the farm was to be devised to the wife as her sole and separate estate, for the husband has a direct and substantial interest in the suit.

Equity does not generally regard one's right to title and possession of real estate, acquired by his fulfilled contract, as a mere chose in action, but as a present interest in the real estate.

Where a question calls for the exercise of the discretion of the court it is error to rule on it *pro forma.*

A plea in equity, though it is not overruled, calls for the exercise of the discretion of the court.

Where a plea to a bill in equity is directed to the want of proper parties and is sustained, the discretion of the court will generally be so exercised that the complainant may amend by bringing in new parties, or by excusing himself from joining them.

APPEAL IN CHANCERY.   Heard on defendant's plea to the bill for want of proper parties, at the June Term, 1911, Caledonia County, *Butler*, Chancellor.   Decree *pro forma*, holding the plea sufficient and ordering it to stand and be allowed, holding that the truth of the plea was admitted by failure to reply thereto, and ordering, *pro forma*, that the bill be dismissed. The oratrix appealed.   The opinion states the case.

*Harland B. Howe* and *Herbert W. Hovey* for the oratrix.

*Cook & Norton, Robert W. Simonds* and *J. Rolf Searles* for the defendant.

HASELTON, J.   This is a bill in equity brought by Viola Ainger, a married woman.   The defendant filed a plea alleging this fact and further alleging that, during all times material to the case, the oratrix and her husband were living together as husband and wife, and averring that the husband ought to be a party to the bill, and praying that because he is not the bill be dismissed.   The petitioner did not take issue on the plea but set it down for hearing.   On hearing the plea was, *pro forma*, held good and allowed, and the bill was dismissed *pro forma*.
The oratrix appealed.
The case made by the allegations of the bill is this.   The defendant is administrator of the estate of one Melvin White who owned a farm in the town of Burke.   Mrs. Ainger was his cousin and close friend, and he had no nearer relatives.   On May 1, 1900, and for a short time before, White, on divers occasions, requested and urged the oratrix and her husband to move onto the farm and live with him.   About May 1, 1900, an agreement was made between Mrs. Ainger and White by which she, with her husband, was to move onto the White farm and reside there and carry it on, keep in repair the buildings and fences, and pay the taxes, and board and furnish a good home for White during the remainder of his life.   White on his part promised to devise the farm in question to Mrs. Ainger.   She on her part performed, moving with her husband onto the White farm, May 1, 1900, and residing there until White's death about ten

years later, and doing during that time all that was required of her under the contract.

The bill prays for a decree directing the defendant to convey to her the farm, and for a decree that may itself operate as a conveyance.

The bill is in the nature of a bill for specific performance, for it asks that the administrator be compelled to do by deed what his intestate had agreed to do by will.

The plea alleges, what the bill sets up, that at the time of the making of the contract the oratrix was the wife of Albert H. Ainger, and it further sets up that from that time to the present she has been his wife, and that during all that time they have lived together as husband and wife, and the plea avers that, as husband, Albert H. Ainger has a material and beneficial interest in the subject-matter of the suit and in the event of suit.

The plea is good in form, for while a defendant in equity cannot base a plea solely upon facts stated in the bill but in such case must demur, 1 Brown's Ch. 57, Com. Dig. Ch. (1) Plea. *Mitchell* v. *Lenox*, 2 Paige, 280; yet a good plea may consist of the averment of such facts and of additional facts. *Missouri Pac. Ry. Co.* v. *Texas etc. R. Co.*, 50 Fed. 151.

P. S. 3037, provides that a married woman may make contracts with any person other than her husband, bind herself and her separate property, in the same manner as if she were unmarried, and sue and be sued as to all such contracts made by her either before or doing coverture, without her husband being joined in the action as plaintiff or defendant, and that execution may issue against her, and be levied on her sole and separate goods, chattels and estate.

P. S. 3040, provides that all personal property and rights of action acquired by a woman before coverture or during coverture, except by gift from her husband, shall be held to her sole and separate use.

The radical character of this legislation was at once seen and has always been recognized. Thus it was said of it in *Wright* v. *Burroughs*, 61 Vt. 394, 18 Atl. 312, an action of assumpsit, "its purpose was to cut up by the roots the marital rights of the husband in the wife's personal property and rights of action,

and to set her free from the thraldom of the common law in respect thereof." And in *Russell* v. *Phelps*, 73 Vt. 390, 393, 50 Atl. 1101, 1102, an action of trover it was said, with reference to the suits contemplated by the legislation referred to, that the husband is not by virtue of any marital right a proper party, and that "resort may be had to any court having jurisdiction of the subject-matter, and to any form, or forms, of action necessary or appropriate for the enforcement of the rights involved."

But the real estate of the wife or any interest therein, acquired by her before or during coverture, is not held to her sole and separate use unless it is so held by virtue of some provision of the contract, deed, or decree by which she obtains it, or for some other special reason.

That this is the law necessarily results from the case of *Nelson's Will*, 70 Vt. 130, 39 Atl. 750, hereinafter referred to.

In *Rooney's Case*, 109 Fed. 601, decided in 1901, it was held by Judge Wheeler, in this district, that real estate which passed to a married woman, without limitation as to its use, was not her separate property. This matter was very fully discussed in *Laird* v. *Perry*, 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340, where the rights of the husband in the real estate of the wife, not her separate property, are adjudged to stand as they stood at common law. That question may be treated as set at rest.

In this case the bill does not assert that the contract with White was that the farm in question should be willed to the oratrix as her sole and separate property, and the bill does not ask that the farm upon which she and her husband lived for ten years be decreed to her as her sole and separate property.

It follows that the husband has a direct and substantial interest in the event of the suit, and while he was not, according to the allegations of the bill, a party to the contract, we think that in view of his occupancy of the farm and his interest in the event of the suit he should, on the case as it now appears, have been made a party.

In *Nelson's Will*, 70 Vt. 130, 39 Atl. 750, already referred to, the husband of the testator's daughter and heir appealed from a decree of the probate court establishing an instrument as the last will of the testator. The instrument devised real

estate, and it was held that as the real estate, if taken by the daughter, would not be her separate estate, her husband's interest made him a proper appellant.

The Nelson case is very much in point, and establishes the proposition that the husband of the oratrix would here be a proper party, and while it does not, of course, determine that the husband is a necessary party here, we think that that case and the general principles of equity are consistent only with the claim that the husband is so far a necessary party that he ought to be joined with the oratrix, unless some facts are set up which disclose a reason why he cannot, or should not, or need not, be so joined.

It is argued, in substance, that the husband has no interest in the contract, that the wife's rights thereunder are a mere chose in action, and that the husband's interest will attach only when she acquires the title to the real estate.

But equity will generally regard one's right to the title and possession of real estate, acquired by a contract performed on his part, as not a mere chose in action but, in consequence of what Lord Hardwicke, using the dialect of the alchemists, somewhere calls "transmutation" in equity, will look upon it as a present interest in real estate; and this view is taken because of the principle underlying the maxim that equity will treat as done that which ought to be done. *Earl of Pembroke* v. *Bowden*, 2 Vern. 52; *Sweatapple* v. *Bindon*, 2 Vern. 536; *Guydot* v. *Guydot*, 3 Atk. 254; *Lingen* v. *Sowray*, 1 P. Wms. 172; *Dodson* v. *Hay*, 3 Bro. C. C. 404; *Cunningham* v. *Moody*, 1 Ves. Sr. 174; *Champion* v. *Brown*, 6 Johns. Ch. 403, 10 Am. Dec. 343; Fondl. Eq. 3rd Am. Ed. 218, [419]; 2 Spence Eq. Juris. 251; 1 Story's Eq. Juris. §790; 1 Pom. Eq. Juris. §372, [Ed. 1905]; See *Gould* v. *Gould*, 29 Vt. 504.

So we think that the court was right in adjudging the plea good and sufficient. But the court was not right in thereupon dismissing the bill *pro forma*, unless such dismissal followed as matter of course from the sufficiency of the plea. For where a question calls for the exercise of the discretion of the court it is error for the court to rule upon it *pro forma*. *Lincoln* v. *Central Vermont Ry. Co.*, 82 Vt. 187, 197, 72 Atl. 821, 137 Am. St. Rep. 998; *State* v. *Newell*, 71 Vt. 476, 45 Atl. 1045; *Ranney* v. *St. Johnsbury & Lake Champlain R. Co.*, 67 Vt. 594, 601,

32 Atl. 810; *Johnson* v. *Shumway*, 65 Vt. 389, 26 Atl. 590. And pleas in equity, though they are not overruled, call for the exercise of the discretion of the court. *Dietrich* v. *Hutchinson,* 81 Vt. 160, 69 Atl. 661; *Rhode Island* v. *Massachusetts,* 14 Peters, 210, 257, 10 L. ed. 423.

If the complainant neither sets the plea down for hearing nor takes issue on the facts set up in the plea his bill is dismissed as of course. Ch. Rule, 15. But if a plea on hearing is allowed the bill is not, as of course, dismissed. Ch. Rule 17.

These rules introduce no new principles for as this Court said in *Dietrich* v. *Hutchinson,* 81 Vt. 160, 167, 69 Atl. 661, 663: "The rules concerning pleas in equity are so strict and technical, and the danger of injustice often arising from them so great, that the court has always exercised its discretion respecting them, and in many cases when they are not overruled, will not allow them to have the full effect of pleas." Indeed, they have such effect only as they ought to have. And where a plea is directed to the want of proper parties, the discretion of the court will generally be so exercised that the complainant may amend by bringing in new parties or by excusing himself from joining them. *Case* v. *Minot,* 158 Mass. 577, 33 N. E. 700, 22 L. R. A. 536; *Cook* v. *Mancius,* 3 Johns. Ch. 427.

*The decree adjudging the plea good and sufficient is affirmed. But the decree dismissing the bill, pro forma, is reversed and the cause is remanded.*