MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 294*—*performance as condition precedent to recovery on.* Where a plaintiff causes the record to show that he elects to stand by his amended and supplemental bill and permits the same to be dismissed for want of jurisdiction at his costs and appeals on the record to reverse the order appealed from, it constitutes such a breach of his covenant to "forthwith discontinue" all suits against defendant as to preclude his recovery for salary on a written contract of employment containing such covenant for discontinuance of all suits.

2. CONTRACTS, § 294*—*sufficiency of performance to assert rights.* Where under a written contract of employment it is agreed that all suits brought by plaintiff against a. defendant corporation and its directors, or any of them, and by defendant corporation against said plaintiff shall be forthwith. discontinued without costs to either party as against the other, plaintiff will not be heard to say that his appeal from an order of the Federal courts was to permit a proper adjudication as to the disposition of funds in the hands of a receiver, in an action by him to recover unpaid instalments of his salary.

---

## B. A. Lynch, Plaintiff in Error, v. Charles Eifler and Bertha Eifler, Defendants in Error.

## Gen. No. 19,229.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and judgment here. Opinion filed February 3, 1915.

## Statement of the Case.

Action by B. A. Lynch against Charles Eifler and Bertha Eifler to recover balance due on contract for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number. .

the sale of real estate on instalments.    From a judgment in favor of defendants, plaintiff brings error.

Charles and Bertha Eifler entered into a contract on April 17, 1909, with Mary and Emil Marshall, whereby they agreed to pay to the said Marshalls the sum of $1,500 in instalments and assumed and agreed to pay a certain mortgage for $2,200 on certain premises described in the contract, and the Marshalls agreed that when all of the said instalments were paid they would convey to the Eiflers the premises in fee, subject to the mortgage.    The premises had been occupied by the Marshalls for several years as their home.    Upon the execution of the contract the Marshalls surrendered to the Eiflers the possession of the premises and they were still in possession when this action was instituted. The contract was filed for record on December 18, 1911. On May 3, 1910, the Brand Brewing Company obtained a judgment by confession in the Circuit Court of Cook county against the Marshalls for $617.12 and costs. An execution was issued on the judgment and returned unsatisfied.    On August 16, 1912, an *alias* execution was issued and was levied on the premises in question, and on September 17, 1912, the said premises were sold under this execution to the Brand Brewing Company and that company held the certificate of sale at the time this action was commenced.    On May 18, 1911, the Marshalls borrowed of Mary H. Fox the sum of $250 and assigned to her their interest in the contract above mentioned as security for the loan.    On April 17, 1912, Mary H. Fox assigned to B. A. Lynch the said contract, and three days later she brought suit against the Eiflers to recover the amount then due on said contract, which was admitted to be $346.50.

EMERY S. WALKER and WALTER E. MOSS, for plaintiff in error.

MAX BORCHARDT, for defendants in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 306*—*when judgment against vendor no defense to action for purchase price.* Where real estate is sold on instalments to one who goes into possession and a judgment is subsequently obtained against the vendor, the vendee cannot set up a sale of the vendor's interest in the premises under an execution on the judgment as a defense to a suit for unpaid instalments instituted upon an assignment subsequent to the rendition of the judgment, since the vendor had no interest in the property to which a lien could attach.

2. JUDGMENT, § 553*—*effect of judgment as to vendor's interest in property sold on instalments.* Where a purchaser of real estate goes into possession, a subsequent judgment against the vendor constitutes no lien on the title or interest remaining in such vendor by reason of unpaid instalments.

---

United States of America for use of J. G. McCarthy Company, Appellee, v. L. L. Leach & Son et al., on appeal of The United States Fidelity & Guaranty Company, Appellant.

## Gen. No. 19,287.

1. PAYMENT, § 6*—*effect of taking note on original debt.* The giving and acceptance of a promissory note for and upon the settlement of a previously existing past due indebtedness is prima facie evidence of the satisfaction and extinguishment of such indebtedness, so that no recovery can be had on the original account or debt without an affirmative showing that the note was not intended as a payment, satisfaction or extinguishment of the old debt.

2. PAYMENT, § 6*—*effect of failure to surrender note on original debt.* The fact that an unpaid note given for an original indebtedness was not surrendered before suit tends to show that it and not the original debt was considered the basis of liability.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.