George M. Reuss, Appellee, v. Charles E. Nixon et al., Appellant.

Gen. No. 8,676.

Opinion filed October 24, 1933.

Heile, Cavender, Milchrist & Kaiser, for appellant.

Benjamin A. Piper, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The parties to this appeal have agreed upon a stipulation of facts. In order to understand the controversy between the parties it is advisable to make a general statement of the case. The proceeding is in equity. The suit presents. the question whether a grantee takes land, subject to a judgment lien, where, prior to the execution of the deed and judgment, his grantor has by a duly recorded and subsisting contract, which provides for instalment payments of the purchase price, agreed to sell the land to a third person, but at the time for the execution of the deed there is a judgment on record against the grantor which would be a lien on the real estate of the grantor, if no such contract of sale had existed. Was the legal title of the grantor to the land, after the execution of the contract of sale, subject to the lien of the judgment so that the judgment creditor in this case, may, in equity, sequester, or secure to himself, any unpaid part of the purchase price in satisfaction of his judgment?

The question whether a judgment is a lien on the vendor's title after the execution of a contract of purchase, has been before the courts in many cases. Authorities are cited in the briefs, some of which affirm that the judgment is a lien on the legal title of the vendor, and a few others denying that the judgment is a lien on the vendor's title. The question is discussed in 15 R. C. L. 803; in the notes to the case of *Filley v. Duncan*, 1 Neb. 134, reported in 93 Am. Dec. 337; Warvelle on Vendors, 203; 34 C. J., sec. 916, page 598. Appellee cites *Lynch v. Eifler* (Abst.), 191 Ill. App. 344, which was an action at law.

Stating the facts from the stipulation, Albert Ehrhart and William Ehrhart, being the owners in fee as tenants in common of 80 acres of land in DuPage county, in 1925 made a written agreement, in

the nature of a lease, with Albert R. Rose and Irwin A. Rose. This contract was duly recorded on March 7, 1927. By the agreement the Roses were given the right to purchase the real estate on or before September 27, 1927, for the sum of $19,000, to be paid in instalments. The Roses duly exercised such right of purchase as provided in the contract. Thereupon, the Ehrharts and the Roses entered into a second agreement which provided for the sale of the real estate for the purchase price of $19,000 to be paid $1,000 as a cash payment and $1,000, or more, every six months thereafter until the sum of $10,000 was paid. This agreement also provided that when the balance owed upon said purchase price should be $9,000, the Roses would be entitled to a warranty deed from the Ehrharts conveying a merchantable title clear of all incumbrances, provided they executed a first lien mortgage to the Ehrharts for $9,000, securing their notes for $1,000 each, payable each year after date of the deed and mortgage. The notes were to bear six per cent interest. Time was made the essence of the agreement and it contains the usual forfeiture clause in such agreements. The agreement was made obligatory on the personal representatives, heirs and assigns of the respective parties thereto. The agreement was executed on August 19, 1927, and recorded in March, 1928.

In February, 1928, Albert Rose assigned his interest in the contract of purchase and the real estate to said Irwin A. Rose, who has since remained in possession of the real estate. On March 1, 1930, William Ehrhart by warranty deed conveyed his one-half interest in the real estate to George M. Reuss. This deed was recorded on October 27, 1930. On May 27, 1932, Albert Ehrhart, by quitclaim deed conveyed his one-half interest in said real estate to the said George M. Reuss, who is the complainant in this suit.

On February 19, 1932, the past payment of $1,000 cash to be paid under the agreement of purchase was made by Irwin A. Rose, to Albert Ehrhart and George M. Reuss, making a total of $10,000 paid by the Roses on the purchase price of $19,000. Irwin A. Rose is ready, willing and able to perform his part of said agreement and to execute a mortgage and deliver his notes for $9,000 as provided in said agreement, upon the execution and delivery to him of a warranty deed conveying the real estate to him in fee simple, free and clear of all incumbrances, provided said deed is delivered within a reasonable time, and without prejudice to any right of Rose now existing in said agreement. George M. Reuss is ready and willing to convey the real estate to Rose and accept from him his notes for $9,000 secured by said mortgage. Irwin A. Rose refuses to execute such notes and mortgage for the reason that he believes that certain judgments now standing of record against William Ehrhart are a cloud on the title of George M. Reuss to said real estate.

Judgments were recovered against William Ehrhart in the circuit court of DuPage county as follows: Chicago & Northwestern Railway on January 4, 1929, for $681.70; Broadway Trust & Savings Bank of Aurora, on October 11, 1929, for $7,229.17; Charles E. Nixon, on October 25, 1929, for $1,353.82; Bartlett State Bank, on November 8, 1929, for $1,517.86; Julian Dieter and Edward Getz, on January 24, 1930, for $1,012.77; Sinclair Refining Co., on February 27, 1930, for $200.44; Grant Dicke on September 24, 1930, for $281.17. Executions were issued on all of said judgments within one year after their entry and such executions have been returned no part satisfied, except the execution on the judgment of the Bartlett bank, which does not appear to have been returned.

After the entry of said judgments, Rose paid Albert Ehrhart and George M. Reuss five $1,000 instalments called for by his contract of purchase, namely: $1,000 on the following dates: February 19, August 19, 1930, February 19, August 19, 1931, February 19, 1932. Before the entry of the first of said judgments the Roses had paid five $1,000 instalments, making a total of $10,000 before this suit was brought.

On May 31, 1932, George M. Reuss filed his bill praying that the said judgments be declared void and not liens against the real estate, and that the judgment creditors be enjoined from enforcing their judgments by execution. Charles E. Nixon, the appellant, is the only judgment creditor who appeared. The other judgment creditors were defaulted.

Nixon filed an answer and cross-bill. The cross-bill alleges that the judgment entered in favor of Nixon and against William Ehrhart on October 25, 1929, became and was a lien upon the legal estate and beneficial interest of said William Ehrhart in and to said real estate, from the date of the rendition of said judgment, and that said judgment has continued a lien thereon; that Nixon is entitled to receive and be paid all sums of money unpaid upon said contract, due or to become due to William Ehrhart to an amount sufficient to satisfy his judgment; that the claim of George M. Reuss in and to any money to be paid by Irwin G. Rose is subject and inferior to the lien or claim of Nixon; that if no sum of money is now due and owing then Nixon is entitled to have a receiver appointed to collect said sum or sums for the use of Nixon on his judgment.

The cross-bill prays that the court decree that William Ehrhart pay to Nixon the amount of his judgment, and in the event of default thereof, that Nixon may be permitted by the court to collect and apply any sum or sums of money not due from Irwin A. Rose

under his contract of purchase to William Ehrhart at the date of the decree; that the sums not now due may be collected under the direction of the court and applied in satisfaction of Nixon's judgment.

The chancellor rendered a decree finding that the liens of the judgment creditors did not attach to the mere legal title in William Ehrhart, and that the judgments, or any of them, are not liens on the real estate. The cross-bill was dismissed and the judgment creditors were enjoined from enforcing their judgments against the real estate by execution or otherwise.

The whole record is now presented to this court for review. No claim is made by the judgment creditor to any instalment payments which were made by the vendee under his contract of purchase and after the entry of the judgment. The contract of purchase was on record at the time the judgment was taken and the vendee was then in possession of the real estate. Conceding for the sake of discussion that the judgment creditor has a lien on the legal title remaining in the vendor after the execution of the contract of purchase, such lien is subject to the equities and rights of the vendee. *East St. Louis Lumber Co. v. Schnipper*, 310 Ill. 150; *Chinn v. Butts*, 3 Dana (Ky.) 547. Under the decisions of those which hold that a judgment is a lien on the legal title of the vendor, although the judgment is taken after the execution of the contract of purchase, it is held that if the vendee has made all the payments called for by his contract of purchase before the docketing of the judgment, the buyer at the sheriff's sale of the vendor's title takes the naked legal title and such buyer must convey the legal title to the vendee. *Lounsbury v. Purdy*, 11 Barb. (N. Y.) 490; *McMullen v. Wenner*, 16 Serg. & R. 18 (Pa.) 16 Am. Dec. 543; *Thomas v. Kennedy*, 24 Iowa 397; *Manly v. Hunt*, 1 Ohio 257.

It is to be observed that the vendee has paid all of the instalment payments called for by his contract of

purchase. The vendee is now entitled to the legal title to the real estate so that he may convey such legal title to the vendor, or his grantee, by mortgage to secure the unpaid balance of the purchase price, as such right is given to him by the contract of purchase. The judgment creditor who has no greater rights than the vendor as against the vendee, attempts by reason of his judgment to impair this present contract right of the vendee. Judgments of courts of law are subject to the control of a court of equity to protect the equities of all persons in the lands of the judgment creditor. *Matter of Howe,* 1 Paige (N. Y.) 125, 19 Am. Dec. 395; *East St. Louis Lumber Co. v. Schnipper, supra.*

We have before us the grantee of the vendor, who holds the naked legal title to the real estate as a dry trustee for the vendee; the judgment creditor, whose lien is general and not specific, and who claims a lien on the legal title of the vendor's grantee; also Rose, who offers to execute the purchase mortgage, and who is the owner of the entire equitable interest or estate in the land. *Smith v. Loewenstein,* 50 Ohio St. 346, 34 N. E. 159.

As before stated, the time has arrived for the execution of the deed and the mortgage securing the balance of the purchase price. The judgment creditor has been aware for a long time that when the vendee completed his cash payments as provided in his contract of purchase he would be entitled to a deed which would convey the real estate to him free and clear of all liens not existing at the time the contract was executed. It seems inequitable and an intolerable burden upon the vendee and an impairment of his contract that the judgment creditor may now levy on such title of the vendor's grantee and sell it under sheriff's sale, giving to the said grantee and the vendor and their judgment creditors, upon reversal and abrogation of the lower court's decree, the right of redemption from such sale.

Shall the vendee's contract be held in abeyance until it suits the judgment creditor to enforce his judgment by legal process and a sheriff's deed is executed? Must the vendee wait until the statute of limitations has outlawed all judgments against the vendor, and even judgments against the vendor's grantee, before he is to have his deed, because the judgment creditor recovered his judgment after notice of the terms of the contract of purchase and the judgment creditor has done nothing to enforce his judgment until the day arrives when the vendee is entitled to his deed? The conflicting rights of such judgment creditors, if their liens are held enforceable against the legal title, give them a superior position over the vendee, which is highly prejudicial to the equitable rights of the vendee. In determining the equities in this case we are not to place a duty on the vendee which he must perform and thereby secure a satisfaction of the judgment creditor's debt. Therefore, it is no answer to say that the vendee may by injunction restrain the judgment creditor if he chooses to sell the land under his judgment, nor that the vendee may file a bill of interpleader. The vendee holds no money or property which he can deposit in court, and he is obligated by his contract to execute the mortgage or suffer a forfeiture of his contract. *Northwestern Mut. Life Ins. Co. v. Kidder,* 162 Ind. 382, 70 N. E. 489, 66 L. R. A. 89; *Chinn v. Butts,* 3 Dana (Ky.) 547. It is inequitable to force the vendee to resort to the circuitous route of a bill in the nature of a bill of interpleader to litigate his contract right against the holder of the legal title, of a conveyance to him of the said title. The judgment creditor has no equitable lien on the unpaid part of the purchase price. *Chinn v. Butts, supra.* The judgment creditor should be vigilant in collecting his debt. A court of equity is not interested in the collection of civil judgments until the legal remedies to collect the judgment debts have

been exhausted and there appears some ground of equitable jurisdiction.

The case calls for the application of the maxim, equity regards that as done which ought to be done. The time for the performance of the contract has arrived and as against the holder of the legal title and as against judgment creditors claiming a lien on the legal title bound by notice of the vendee's rights, the vendee is entitled to a deed conveying the real estate to him clear of any liens which do not secure any debts or liability of the vendee. The present contract right of the vendee to mortgage the real estate would be barren indeed if the legal right were subject to all of the liens of the judgment creditors of the vendor and his grantee, if any. The vendee has the right under his contract to reconvey the real estate and the legal title thereto to the owner thereof by mortgage as security for the balance of his purchase price of $9,000. And in equity this will be considered as done. *Ainger v. Webster*, 85 Vt. 446, 82 Atl. 666; *Rhodes v. Meredith*, 260 Ill. 138; *Knights v. Knights*, 300 Ill. 618; *Lewis v. Shearer*, 189 Ill. 184.

We find no reversible error in the case and the judgment of the circuit court of DuPage county is hereby affirmed.

*Judgment affirmed.*