No. 14,008.

STATE EX REL. HENRY DENIS VS. HON. FRED. D. KING, JUDGE, DIVISION "B."

SYLLABUS.

1. Courts may restrain an excessive noise when it interferes with the comforts of life and impairs the reasonable enjoyment of a home.

2. If, however, the judge of the first instance, in the exercise of legal discretion, declines to issue an unrestricted preliminary injunction, not being satisfied that there is sufficient ground to issue a sweeping order stopping the ringing of all bells for any purpose whatever and however moderately rung, the appellate court will not make a *mandamus* peremptory and will not set aside the action of the lower court.

ON APPLICATION for a writ of *mandamus*.

---

*Henry Denis*, Relator in *propria persona*.

Respondent Judge *pro se.*

The opinion of the court was delivered by

BREAUX, J. Relator seeks, by way of *mandamus,* to compel the District Court to issue a writ of injunction in accordance with his petition addressed to that court. The injunction *in limine* was refused after hearing on a rule *nisi.*

The relator resides with his family near the monastery of Discalced Carmelites in which there are two large heavy bells suspended in two open steeples. The *gravamen* of his complaint is that the loud sounds from these two bells disturb the quiet and comfort of his home and impair to himself and family the enjoyment of their residence. He sets forth, in substance, that these bells are rung from 5 o'clock in the morning until 10 o'clock at night, making a loud resounding noise; that they are sometimes rung for as many as ninety continuous strokes; and that at times both bells are rung at once.

The judge of the District Court, in his reasons for refusing the injunction, avers that he has exercised a legal discretion which can not be reviewed and set aside in proceedings by way of *mandamus.* He further avers that relator can be heard on appeal and that, in consequence, he has no legal right which can be considered and passed upon in the *mandamus* proceedings.

There is no question in our minds that if relator is made to suffer from the loud resounding noise growing out of the incessant ringing of the bells, he is entitled to some relief. The many sweet emotions awakened when the air is resonant with the silvery tones of bells must give way to the right to rest in peace and quiet at one's home. This right is above all sentiment, however pure and exalted. Well considered decisions have been accepted as law upon the subject. "The ringing of bells has already been mentioned as ground for injunction in behalf of a neighboring resident." High on Injunction, § 779.

The judges of the courts of original jurisdiction, after investigating the facts, have granted the writ in other jurisdictions than ours, and when the writ has been granted, courts of appellate jurisdiction allowed the restraining order to remain in force because it was decided the court had acted within the discretion with which it had been entrusted. In this jurisdiction also, by reason of the legal discretion vested in the lower court, *mandamus* will not lie to set aside an order refusing an injunction.

State ex rel. Denis vs. Judge.

In this State the right to ring bells loud and long has been exercised from time immemorial. For years and years, it has been exercised without much question. The ringing of bells is not of itself objectionable when rung with a degree of moderation having regard to the peace, quiet, and condition of the neighboring inhabitants. But of late years, an idea has become general that sounds and noises should, as far as possible, be reduced to a minimum. But here we have to deal with a particular case, and not with general conditions. Regarding the case in hand, we feel no hesitation in stating that we know of no reason why the bell ringing should not be, to some extent at least, abated, if needful to the comfort of one residing very near. But to secure this, the forms of law must be followed. The rights of the respective parties must be considered. Any family disturbed should be given rest and quiet, but, on the other hand, the other parties should not be denied the exercise of a right to the same extent that it is exercised by others.

The injunction, if issued, would not concede the exercise of the right of ringing bells at all. We are constrained to differ with the relator and to decline to go to the extent for which he sues, however much it be regretted that he has encountered obstacles to his rest and quiet.

We do not think that we should interfere with the discretion of the lower court, particularly in view of the fact that a more extensive right is asked in the petition for an injunction than should be granted. Ordinarily, the District Court is vested with discretion to withhold injunction where the right of the parties are not satisfactorily ascertained. The right sufficient to enable him to grant the temporary injunction was not shown to his satisfaction. The terms of the law of practice provide that the judge may grant an injunction when necessary to prevent some one from doing an injurious act. Art. 303 C. P. The judge heard the parties on the rule *nisi,* and did not become convinced, after having heard the testimony on this rule, of the relator's right to the injunction.

When an injunction is not issued *ex debitore justitiae,* as of right, *mandamus* will be refused. This view is sustained by the following decisions: New Orleans vs. Telephone Co., 37 Ann. 571; State *ex rel.* Savage vs. Judge, 38 Ann. 916; State *ex rel.* Daboval vs. Police Jury, 39 A. 750; Johnson vs. Judge, 40 A. 852.

In New Orleans vs. Telephone Co., 37 A. 571, the court decided that under Article 303 of the Code of Practice, the court of the first instance is vested with legal discretion to grant or refuse an injunction which

will not be interfered with unless the action is arbitrary. We have found nothing arbitrary in the lower court's refusal to stop the ringing of all the bells in question.

We have stated above that the district judge gave as additional reason for refusing the writ that the relator's right is by appeal. We are not disposed to hold that in all cases of refusal to grant an injunction, however arbitrary and erroneous the ruling, the petitioner for an injunction must resort to an appeal and not to *mandamus*.

Here, as we have said before, there is nothing arbitrary in the refusal of an injunction granting rights as sweeping and broad as those sought by the relator and, therefore, in this case, the remedy is by appeal.

At this point, when about to frame our decree, our attention was attracted by relator's reference to churches in New Orleans, and specially (naming a few) to institutions of learning, religious and secular, and to the various charity institutions devoted to the care of orphans, all careful, so relator avers, to avoid making great noise by loud and long ringing of bells, in order to avoid, as much as possible, disturbing the rest and quiet of a neighborhood. We must say that this is worthy of the highest commendation. This, however, affords no ground to issue a writ of *mandamus* to set aside the refusal of the district judge who has already acted in the exercise of a legal discretion.

It must be borne in mind that the injunction asked is, at most, temporary and does not conclude a right, even if granted, and that the action granting or withholding the order of injunction, can well be left to the legal discretion of the lower court.

For these reasons, the original order *nisi* is recalled and annulled and the application of relator for *mandamus* is denied.