## In re LOGAN.

(District Court, D. Kentucky. June, 1900.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—EVIDENCE.

Where a bankrupt's application for discharge, with specifications in opposition thereto by creditors, alleging that he had sworn falsely, in his original examination at the first meeting of creditors, with reference to his assets, is referred to the referee to ascertain and report the facts, the record of such examination of the bankrupt is not admissible in evidence on behalf of the objecting creditors, and should not be received by the referee nor included in his report to the court.

2. SAME—PLEADINGS.

Where a bankrupt presents his application for discharge in due form, and specifications in opposition thereto are filed by creditors, no further pleading on the part of the bankrupt is necessary, and the allegations of the specifications cannot be taken as confessed for want of an answer by the bankrupt; on the contrary, the burden is on the objecting creditors to establish their averments by proof.

In Bankruptcy. On review of report of referee in bankruptcy on bankrupt's application for discharge and opposition thereto by creditors.

Thomas R. Brown, for objecting creditors.

EVANS, District Judge. The adjudication in this case was made in June, 1899. On the 21st day of the following October the bankrupt filed his petition for a discharge. Subsequently, and in due season, a creditor entered his appearance for that purpose, and filed specifications of objections to the discharge. The bankrupt filed no further pleading. The matter was referred to the referee, as permitted under the last clause of general orders in bankruptcy No. 12, to "ascertain and report the facts (89 Fed. vii., 32 C. C. A. xvi.)," and that officer, having taken the testimony, reported in favor of granting the relief asked. The grounds of objection to the discharge, as specified, were, in substance: First, that the bankrupt had knowingly and fraudulently concealed and omitted from his schedule certain assets, namely, the indebtedness to him of small sums from certain creditors; and, second, that he had in his original examination in writing before the referee at the first meeting of creditors sworn falsely in respect to the same matters. In the proceedings before the referee the creditors offered in evidence the original examination of the bankrupt, but the referee sustained the objection of the bankrupt to that testimony upon the ground that the latter was "entitled to be examined with reference to the pending issues if his testimony was to be used either for or against him upon this question." This ruling, we think, was correct, as it is certainly true that the bankrupt had a right to exemption from any harmful consequence from his examination at the first or other meetings of his creditors under the protection tendered by the last clause but one of section 7 of the act. The creditor had specified as one of the grounds of objections to the discharge that the bankrupt had sworn falsely in that examination; but, after a very careful consideration of the question, we have lately ruled in the case of In re

Marx, 102 Fed. 676, that, under the section of the act referred to, this could not be successfully made a ground for opposing a discharge. It is insisted by the creditor, inasmuch as the bankrupt made no response to the specifications of objections to the discharge, that the charges made by the creditor therein should be taken as confessed; and we are cited to Loveland, Bankr. § 281, in support of this view. We cannot agree with that learned author in the proposition that further pleading was necessary. There is no rule in bankruptcy which requires in such cases any further pleading by a bankrupt. By the mode of procedure, uniform in this district, at least, the bankrupt files a petition for a discharge, in which he avers that he has complied with all the provisions of the bankrupt act. This is his pleading, and upon it the proper notice is served upon all creditors. The prayer of this petition will be granted as of course, unless some creditor objects, and specifies his grounds of objection. If the grounds are specified, the case goes to the referee as the next step to ascertain and report the facts. Unless the specified grounds are established by the proof, the discharge is granted. Nothing is taken for granted, and the onus is on the creditor. Failure to establish the objections by evidence cannot be a ground for refusing the discharge, and it follows logically and inevitably from this fact that no further pleading is necessary upon the part of the bankrupt. The proof must be taken in any event, and without proof the creditor fails. The bankrupt may rely upon the presumption of innocence. This no doubt explains why no general rule has been made by the supreme court requiring further pleadings in such cases. The issues are made by the bankrupt's petition for a discharge and the creditors' specifications of objections thereto, and the only step the rules require after this in order to a settlement of the question is the reference to ascertain and report the facts, unless the court itself does that, in which event the same rules would apply. And it may add stress to this view that, excepting one not alleged in this case, all the specifications of objections, to be sufficient in law, must charge what is a criminal act upon the part of the bankrupt, and the law in such cases itself enters a plea of not guilty unless in cases where there is a voluntary and express plea of guilty. We should probably not disagree with the referee upon the merits of the case if the proof is made to show, as he states the fact to be in his report, that the bankrupt seasonably surrendered his account books to the trustee, unless there should be something in the original examination to demand another judgment. The bankrupt was a physician, and in the course of long years of practice might have made small, and probably bad, accounts, which could well be honestly forgotten. But, for the failure to show the prompt surrender of the account books, the report of the referee is not approved, and the matter is again referred to him for further proceedings in conformity with this opinion, and for a further report thereafter.