### In re MARSH.

(District Court, D. Vermont. June 18, 1901.)

BANKRUPTCY—DISCHARGE—CONCEALMENT OF ASSETS.

> The fact that a bankrupt did not schedule or turn over to his trustee products of his wife's lands which he claimed were owned by her, where there was no concealment of the property, and the claim was openly made, did not constitute a knowing and fraudulent concealment of property which would defeat his right to a discharge under Bankr. Act 1898, § 14b, although the property may have been, as matter of law, a part of his estate.

In Bankruptcy. On application for discharge.

E. A. Cook, pro se.
Young & Young, for bankrupt.

WHEELER, District Judge. This is an application for a discharge heard on report of the referee. The objections filed are: "First. Because the bankrupt did not make a full and true disclosure of his property. Second. Because he concealed property belonging to the estate. Third. Because he has assisted in converting and destroying property belonging to the estate." Omissions or even concealments of assets are not made valid objections to a discharge, but only omission of offenses punishable by imprisonment, and failure to keep books, with fraudulent intent. Bankr. Act, § 14b. A bankrupt is punishable by imprisonment for "having knowingly and fraudulently (1) concealed while a bankrupt, or after his discharge, from his trustee any of the property belonging to his estate in bankruptcy." The assets in question were the products of the bankrupt's wife's land, not limited to her separate use, and occupied by them and their children, claimed by him to belong to her. These products may, according to the decisions of the supreme court of the state as construed by this court, have belonged to the husband as tenant by the curtesy, and have been a part of his estate in bankruptcy. Hackett v. Moxley, 68 Vt. 210, 34 Atl. 949; In re Nelson's Will, 70 Vt. 130, 39 Atl. 750; In re Rooney (June 3, 1901) 109 Fed. 601. But, if so, they were in the open possession of the bankrupt, and not criminally concealed, and the bankrupt would not, by merely making claim in respect to them legally unfounded, be guilty of a criminal offense under the act. Not only the fraudulent intent but the concealment is wanting, as well in the objections as the proofs. The trustee was left to take the property, or proceedings in respect to it, as he might be advised. The application for a discharge would not be affected by the result of claims of fairly disputable legal right. Objections overruled, and discharge granted.