In re CRIST.

(District Court, S. D. Alabama. July 26, 1902.)

No. 124.

1. BANKRUPTCY — DISCHARGE — SPECIFICATIONS OF OBJECTION—FAILURE TO DEMUR—EFFECT.

A bankrupt, applying for his discharge, is not under obligation to plead to his creditors' specifications of objection thereto, and his failure to demur to such specifications is not an admission of their legal sufficiency, so as to preclude him from relying on the fact that proof thereunder that he had fraudulently conveyed property, though not upon secret trust, is insufficient, under Bankr. Act, §§ 14b, 29b, to prevent his discharge.

In Bankruptcy. On specifications of objection to discharge.

Mitchell & Tonsmeire and J. R. Burgett, Jr., for objecting creditors.

Fred W. Bacho, for bankrupt.

TOULMIN, District Judge. "Where a bankrupt presents his application for discharge in due form, and specifications in opposition thereto are filed by creditors, no further pleading on the part of the bankrupt is necessary, and the allegations of the specifications cannot be taken as confessed for want of an answer by the bankrupt. On the contrary, the burden is on the objecting creditors to establish their averments by proof." In re Logan (D. C.) 102 Fed. 876. In that case the court said:

"There is no rule in bankruptcy which requires in such cases any further pleading by a bankrupt. * * * The bankrupt files a petition for a discharge, in which he avers that he has complied with all the provisions of the bankrupt act. This is his pleading, and upon it the proper notice is served upon all his creditors. The prayer of this petition will be granted as of course, unless some creditor objects, and specifies his grounds of objection. * * * Unless the specified grounds are established by the proof, the discharge is granted. Nothing is taken for granted, and the onus is on the creditor. Failure to establish the objections by evidence cannot be a ground for refusing the discharge, and it follows logically and inevitably from this fact that no further pleading is necessary upon the part of the bankrupt. The proof must be taken in any event, and without proof the creditor fails. The bankrupt may rely upon the presumption of innocence. This no doubt explains why a general rule has been made by the supreme court requiring further pleadings in such cases. The issues are made by the bankrupt's petition for a discharge and the creditor's specifications of objection thereto, and the only steps the rules require after this, in order to a settlement of the question, is the reference to ascertain and report the facts. * * * All the specifications of objection, to be sufficient in law, must charge what is a criminal act upon the part of the bankrupt, and the law in such cases itself enters a plea of not guilty, unless in cases where there is a voluntary and express plea of guilty."

I fully concur in the views there expressed. Where the allegations of the specifications are vague and general, or unauthorized by law, the bankrupt may move to have them stricken out, or he may rely upon his defense at the time of the hearing; for the court will disregard such allegations. In re Waggoner, Fed. Cas. No. 17,037; In re Rathbone, Fed. Cas. No. 11,580; In re Tyrrel, Fed. Cas. No. 14,314. If the allegations are insufficient in law, the bankrupt may file exceptions to them, analogous to those allowed in equity, or he may demur, or may neither except nor demur, but leave it to the court to hear the application for a discharge, and such pleas and proofs as may be made in opposition thereto by parties in interest. The court investigates the merits of the application, and will discharge the applicant, unless he has committed an offense punishable by imprisonment, as provided by the bankrupt act, or has concealed or failed to keep books, etc. (which ground of objection is not involved here). Bankr. Act, § 14b; Coll. Bankr. pp. 161, 162.

It is admitted by the counsel for the objecting creditors that the proof does not show that the bankrupt has committed an offense punishable by imprisonment; but his contention, as I understand it, is that, inasmuch as the bankrupt does not demur to the specifications of objection, he confesses their sufficiency in law, whether they are in fact so or not, and, if sustained by the proof, it should defeat his discharge, and that the bankrupt is estopped from controverting such specifications of objections to his discharge because he does not demur

to them. Assuming that the specifications are insufficient in law, we have seen that it was not necessary for the bankrupt to demur to them to entitle him to avail himself of their insufficiency. He may do so at his option. The alleged ground of objection is that the bankrupt knowingly and fraudulently concealed, while a bankrupt, from his trustee, property belonging to his estate in bankruptcy. The specifications in substance are that the bankrupt, in contemplation of bankruptcy, conveyed to his wife, without consideration, certain real estate.

But, assuming that the specifications are legally sufficient (and this in fact is not questioned), the contention of the bankrupt is that they have not been proved. The facts found and reported by the referee are that the bankrupt, in contemplation of bankruptcy, conveyed to his wife, without a valuable consideration, said real estate; that the conveyance was executed a few days before the petition in bankruptcy was filed, and was recorded three days thereafter. He further found and reported that it did not appear that the property was held in secret trust for the benefit of the bankrupt. There is no exception to the finding and report of the referee. The conveyance, though in law fraudulent and void, is not a concealment of the property conveyed, in contemplation of section 29b, Bankr. Act. In re Fitchard (D. C.) 103 Fed. 742; In re Marsh (D. C.) 109 Fed. 602; In re Goodale, Id. 783; Lovel. Bankr. § 283; Coll. Bankr. 1656; In re Schreck, 1 Am. Bankr. R. 366. It is the duty of the court to discharge the applicant unless he has committed an offense punishable by imprisonment, as provided by Bankr. Act, §§ 14b, 29b. In re Logan, supra; Lovel. Bankr., supra.

The counsel for the objecting creditors has cited several cases to sustain his contention that the bankrupt is estopped from controverting the specifications of objections to his discharge because he has not demurred to them. If I clearly understand the contention and the ground on which it is based, I may suggest that I do not think the cases cited have any application to it. I have examined them, and, as I understand them, I find no question as to whether or not a demurrer is necessary, in a proceeding like this, involved in them. In only one of the cases cited was there a demurrer considered, and the question there was, not as to the necessity or propriety of the demurrer, but whether it was good and well made. The demurrer in that case was overruled.

On the pleadings and proof in this case, my opinion is that the applicant is entitled to his discharge; and it is so ordered.