## In re SCHICKERLING.

#### (Circuit Court of Appeals, Second Circuit. April 14, 1913.)

#### No. 195.

BANKRUPTCY (§ 407*)—DISCHARGE—GROUNDS—FRAUDULENT TRANSFER.

Bankr. Act, July 1, 1898, c. 541, § 14(b), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that a bankrupt may be denied a discharge if at any time subsequent to the first day of the four months immediately preceding the filing of the petition he shall transfer, remove, destroy, or conceal, or permit to be removed, destroyed, or concealed, any of his property with intent to defraud his creditors. A bankrupt, six years before the filing of his petition, transferred certain insurance to his wife, leaving himself penniless. In March, 1906, he organized a jewelry business, and certified that it was carried on by his wife, by himself as manager; she having surrendered the insurance, receiving therefor $1,000, part of which went into the business. *Held* that, since the transfer of the policy was not within the four-months period, it was not in itself a ground for refusing the bankrupt a discharge, which could be refused on the ground of fraudulent transfer only, on proof that the jewelry business, which was claimed to be her property and not scheduled, was started by the insurance money, and was continued as the bankrupt's property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

Appeal from the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

In the matter of the bankruptcy proceedings of Alfred Schickerling. From an order denying bankrupt's discharge, he appeals. Reversed.

Wm. P. Schoen, of New York City (E. Kohn, of New York City, of counsel), for appellant.

Cohen, Creevey & Richter, of New York City (Julius Henry Cohen, of New York City, of counsel, and J. de R. Storey, of New York City, on the brief), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. November 15, 1911, Alfred Schickerling was adjudicated a bankrupt on his own petition, and he applied for a discharge in the following December. In his schedules he included as a creditor in the sum of $45,338.21 one James Talcott, and stated

that he had no assets whatever. The indebtedness to Talcott arose in this way: In 1901 the bankrupt was a stockholder and treasurer of the corporation known as Schickerling Bros. & Co. In October, 1904, he guaranteed Talcott against loss in making advances to the corporation on its outstanding accounts. In February, 1906, the corporation became bankrupt, owing Talcott for advances. Talcott opposes the bankrupt's discharge on the grounds that he did not keep proper books of account, that he failed to include in his schedules his interest in his father's estate, and that he fraudulently concealed and transferred certain assets. Both the special master and the District Judge have found against the first two objections, and, as we agree with them, nothing further need be said.

July 20, 1904, the bankrupt did make a bill of sale to his wife of all his property except a 20-year endowment policy of insurance on his life, dated July, 1904, for $25,000. September 12, 1905, he transferred this policy also to her, leaving himself penniless. A month after the bankruptcy of the corporation of Schickerling Bros. & Co.—that is, in March, 1906—the bankrupt organized a jewelry business, filing a certificate in the county clerk's office that it was carried on by his wife, Carrie Schickerling, he being her manager. This was in accordance with the requirements of Pen. Code N. Y. § 363b. There is much testimony to show that this business was started with money of Mrs. Schickerling coming in part from the bankrupt at a time when he was not in debt and before he made the guaranty to Talcott. In July, 1906, she did raise upon the surrender of the policy of insurance above mentioned something like $1,000, part of which, at least, went into the business.

The principal contest between the parties is whether the business was the property of the wife or of the bankrupt. If the latter, he was guilty of fraudulently concealing assets, when he did not mention it in his schedules. The referee, sitting as special master, reported that the discharge should be granted; but the District Judge denied it, on the ground that the business was the bankrupt's, having been started by money borrowed on the insurance policy. He found it impossible to believe that the transfer of the policy so soon before the failure of Schickerling Bros. & Co., of which the bankrupt was treasurer, with an indebtedness to Talcott guaranteed by him individually in the amount of about $45,000, was not made with fraudulent intent. Conceding that this is so, the transfer was made six years before, and not within four months of the filing of the petition, and so was not in itself a ground for refusing his discharge under section 14 (b) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]). The only way the order can be sustained is by holding that the business was started by the insurance money, and so began and was continued as the bankrupt's property. The testimony is vague and contradictory; but we are not satisfied that the insurance money, though it went into, did start the business.

The order is reversed, with costs.