## In re MASON.

(District Court, S. D. Florida. September 19, 1925.)

No. 2520.

1. **Bankruptcy �köö413(1)—Contention that no appearance had been entered in bankruptcy proceedings not sustained.**

Contention that no appearance had been entered in bankruptcy proceedings, as required by General Order No. 32, not sustained, where record showed orders of court allowing specifications of objection to discharge of bankrupt to be filed, as well as appearances.

2. **Bankruptcy ⊷413(3)—Specifications of objection to discharge of bankrupt made on information and belief held sufficiently verified.**

Specifications of objetion to discharge of bankrupt, made on "information and belief," held sufficiently verified.

3. **Bankruptcy ⊷408(1)—False oaths of bankrupt must be material to bar his discharge.**

False oaths of bankrupt, to bar his discharge, must be material to administration of bankrupt's estate by bankruptcy court.

4. **Bankruptcy ⊷408(2)—Alleged false testimony of bankrupt held insufficient to bar his discharge.**

Alleged false testimony of bankrupt, relating entirely to his liability to some of creditors, held insufficient to bar his discharge, where his liability had been already established and was not disputed.

5. **Bankruptcy ⊷408(2)—Alleged false testimony of bankrupt with reference to bonds delivered as security to creditor held not to bar his discharge.**

Alleged false testimony of bankrupt with reference to certain bonds delivered as security to creditor held not to bar his discharge, where it could not affect estate of bankrupt.

6. **Bankruptcy ⊷408(2)—Alleged false testimony of bankrupt with reference to notes given as accommodation to creditor held not to bar his discharge.**

Alleged false testimony of bankrupt with reference to whether notes were given as accommodation to creditor held not to bar his discharge, where they had been reduced to judgment against him.

7. **Bankruptcy ⊷408(2)—Alleged false testimony of bankrupt as to an interest in an automobile held not to bar his discharge.**

Alleged false testimony of bankrupt as to an interest in an automobile held not to bar his discharge, where it showed only that he had promised to pay for same, and did not show that any interest had been acquired at time of his examination.

8. **Bankruptcy ⊷408(2)—Alleged false testimony of bankrupt as to interest in his mother's estate held insufficient to bar his discharge.**

Alleged false testimony of bankrupt as to interest in his mother's estate held not to bar his discharge, where under probation of a codicil to the mother's will no interest would vest in the bankrupt.

9. **Bankruptcy ⊷408(2)—Alleged false testimony of bankrupt as to interest growing out of transactions with another held not to bar his discharge.**

Alleged false testimony of bankrupt as to transactions with another for concealment of his interest growing out of such transactions held insufficient to bar his discharge, where it appeared that whole transaction was threshed out in a plenary suit brought by trustee, and matter was settled in favor of bankrupt.

10. **Bankruptcy ⊷413(5)—Specifications of objection to discharge of bankrupt for failure to keep books and records held sufficient.**

Specifications of objection to discharge of bankrupt, alleging failure to keep, etc., books and records from which financial condition of bankrupt could be ascertained, and being in words of statute, held sufficient.

In Bankruptcy. In the matter of George H. Mason, bankrupt. On demurrer to specifications of objections to discharge of the bankrupt. Specifications of objections stricken in part, and retained for further proceedings in part.

John W. Dodge, of Jacksonville, Fla., for objecting creditors.

J. T. G. Crawford, of Jacksonville, Fla., for bankrupt.

CALL, District Judge. This cause came on for a hearing upon the demurrer to the specifications of objection to the discharge of the bankrupt. The specifications of objection were filed by the trustee and one of the creditors. The specifications and demurrers are the same as to trustee and creditor, and will be dealt with together.

[1, 2] The first ground was that no appearances had been entered, as required by General Order No. 32. The record shows orders of court allowing such objections to be filed, as well as appearances, and I think this is sufficient. Another ground is that the specifications are not sufficiently verified by the objectors. The verification is upon "information and belief," and I am of opinion that is sufficient.

Specifications of objection from 1 to 10 and 12 are as to false testimony given by the bankrupt at the creditors' meetings, as to certain promissory notes and the signature of H. Mason thereon, and as to certain bonds delivered to Heard, as to obligations contracted in building the Hotel Mason, and as to certain notes being accommodation notes, in which judgment had already been entered against the bankrupt.

[3-6] As I understand the law, the false oath must be material to the administration of the bankrupt's estate by the bankruptcy court. In Collier's 13th Edition, on page 536, it says, "The false oath must be on matter material to the inquiry," and the inquiry was as to the estate of the bankrupt. The false testimony charged in the specifications from 1 to 8 was entirely as to the liability of H. Mason to some of the creditors; the bankrupt's liability having been already established, and not disputed or questioned. The same may be said as to the tenth specification, in so far as H. Mason is concerned. The ninth specification had reference to certain bonds delivered as security to one creditor, and could not affect the estate of the bankrupt; the twelfth specification, as to whether the notes were given as accommodation to one creditor. The notes had been reduced to judgment against the bankrupt. In my opinion, the matters were not material to the inquiry, and cannot be heard to bar the discharge of the bankrupt.

[7-9] The eleventh specification is as to an interest in an automobile, and shows only that the bankrupt had promised to pay for same, not that any interest had been acquired at the time of his examination, and is not sufficient to bar said discharge. The thirteenth is as to interest in his mother's estate, and shows the probation of a codicil to the mother's will, whereby no interest would vest in the bankrupt, and is not sufficient to bar discharge.

The fourteenth to the twentieth and the twenty-second to twenty-seventh specifications are as to false testimony to transactions with one Turner, and concealment of interest growing out of such transactions. The record of this court shows a plenary suit brought by the trustee, in which this whole transaction was threshed out, and a decree in favor of the bankrupt and other defendants therein, and that matter, it seems to me, was therein settled in favor of the bankrupt, and does not in my judgment state matter to bar the discharge.

[10] The twenty-first specification charges a failure to keep, etc., books and records from which the financial condition of the bankrupt could be ascertained. It is in the words of the statute and is sufficient, as I read the authorities.

Treating the demurrer as a motion to strike, the specifications of objection, except the twenty-first, will be stricken, and the twenty-first is hereby retained for further proceedings according to law.