**HANOVER–CAPITAL TRUST CO. v. MEYER.**

**No. 4715.**

Circuit Court of Appeals, Third Circuit.
March 17, 1932.

Edwin C. Long and Richard S. Wilson, both of Trenton, N. J., for appellant.

Merritt Lane and Henry W. Linn, both of Newark, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court discharging the appellee in bankruptcy.

Upon the application of the bankrupt for a discharge, the Hanover-Capital Trust Company, a creditor, filed the following three specifications of objections to his discharge:

"1. He made a false oath in his petition in bankruptcy in that he gave his address for the greater part of the last six months preceding the filing of his petition as 1012 Thirteenth Avenue, Belmar, New Jersey, instead of 723 West State Street, Trenton, New Jersey, where he had resided for many years.

"2. He knowingly and fraudulently concealed, while a bankrupt, from his trustee the sum of $134 which he omitted from his schedules.

"3. He knowingly and fraudulently concealed, while a bankrupt, from his trustee a one-half interest in a certain business known as the M. & D. Search Co."

The question of discharge was referred to Hon. Adrian Lyon, referee in bankruptcy, who heard the evidence and apparently found that the first and second specifications were insufficient and untenable. At least he did not specifically report on them. As to the third he said that the bankrupt "attempted to conceal from his creditors by a conveyance thereof to his wife" a one-half interest in the business known as the M. & D. Search Company, and recommended that the discharge be denied.

The bankrupt filed exceptions to the report, which were argued before the learned District Judge who sustained the exceptions and entered an order discharging the bank-

rupt. From this order the Hanover-Capital Trust Company appealed.

1. The appellant says that, "if the first objection was the only objection to the discharge and taken alone, there would perhaps be some reason in brushing it aside and giving the bankrupt the benefit of the doubt, but taking into consideration the other objections, it becomes pertinent."

██ It is true that the bankrupt did have a legal voting residence in Trenton, but it is also true that he had a home in Belmar where he resided about six months in a year. Both of these properties are owned by Mrs. Meyer, but they were his homes and he could truthfully say that he had a home in Belmar. This subject was not pursued further, because the referee practically stopped it by saying that he took "no stock" in it; that "there was no criminal thing about that." There is no evidence that this statement was made with intent to defraud. It is not material to any issue in the proceedings and does not, therefore, bar his right to a discharge. Bauman v. Feist, 107 F. 83 (C. C. A. 8); In re Chamberlain (D. C.) 180 F. 304, 309; Humphries v. Nalley (C. C. A.) 269 F. 607; In re Mason (D. C.) 8 F.(2d) 665.

██ 2. Did the bankrupt knowingly and fraudulently conceal $134?

When the bankrupt verified his petition and schedules in bankruptcy, on January 9, 1930, he was, and had been for a long time, sergeant at arms of the Supreme Court and Court of Errors and Appeals of New Jersey, and the $134 represented the half monthly salary which was due him on January 15, 1930, from those courts. There can be no dispute of these facts. The bankrupt testified that this money was not included in his schedules because it did not occur to him that it was an asset of his estate at the time he verified his petition. After this question arose, he offered to pay the money over to his trustee if he was required to do so.

These facts are insufficient to bar a discharge on the ground that he "knowingly and fraudulently" made a false oath. In re Rosenberg (D. C.) 268 F. 658; Humphries v. Nalley, supra; In re Rice & Reuben (D. C.) 43 F.(2d) 378.

██ 3. Did the bankrupt take a false oath in that he knowingly and fraudulently concealed from his trustee in bankruptcy a one-half interest in the M. & D. Search Company?

He did own this property at one time, but he conveyed it to Mrs. Meyer on August 2, 1926, four years before the filing of the petition. Section 32 (b) (4), 11 USCA, section 14b (4), of the Bankruptcy Act, provides that a bankrupt shall be discharged unless he has "at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed or permitted to be removed, destroyed or concealed any of his property, with intent to hinder, delay, or defraud his creditors."

Whatever may have led the bankrupt to make the conveyance four years before the petition was filed, it can hardly be said that it was made in anticipation of this bankruptcy and with intent to defraud his creditors herein. At any rate, he did not have the property within twelve months before filing the petition and so should be discharged. In re Brumbaugh (D. C.) 128 F. 971; In re Jacobs (D. C.) 144 F. 868; In re Schickerling (C. C. A.) 204 F. 592; In re Fackler (D. C.) 246 F. 864. The learned District Judge said: "If the affidavit was made in good faith, as I believe, from the testimony, it was, the misstatement (if it were such) will not bar a discharge." We agree with this statement, and the order discharging the bankrupt is affirmed.