## ARONOFSKY v. BOSTIAN.
### No. 12409.

Circuit Court of Appeals, Eighth Circuit.
Feb. 8, 1943.

has (1) committed an offense punishable by imprisonment as provided under this act [title]", and that he "had made a false oath or account in relation to a proceeding under the Bankruptcy Act, Section 29, sub. b(2), 11 U.S.C.A. § 52 sub. b(2)," which reads: "A person shall be punished, by imprisonment * * * upon conviction of the offense of having knowingly and fraudulently * * * (2) made a false oath or account in, or in relation to, any proceeding in bankruptcy."

The acts alleged to have been done in commission of the offense were described in detail.

It appeared on the trial upon the objections before the referee that the bankrupt had lived in Boston, Massachusetts, and having become heavily indebted to creditors in that city and insolvent, had personally filed a voluntary petition in bankruptcy on his own behalf in the United States District Court in Boston on December 19, 1939. He had the assistance of legal counsel in the preparation of the necessary papers and having borrowed money from a friend, took the documents personally "to court" and paid the necessary fees, amounting to $15 or $16. Adjudication was duly entered on the petition. Thereafter he established residence in Kansas City, Missouri, and within two years from the time he brought his bankruptcy proceedings in Boston he filed his voluntary petition in bankruptcy in the United States District Court at Kansas City in the present proceedings. Accompanying his petition in these proceedings he made oath to and filed a statement of affairs, as required by the Bankruptcy Act and the General Orders and Forms in Bankruptcy prescribed by the Supreme Court (11 U.S. C.A. § 25; General Orders and Forms in Bankruptcy, Form No. 2, 11 U.S.C.A. following section 53) in which he answered the question: ".What proceedings under the Bankruptcy Act have been brought by or against you during the six years immediately preceding the filing of the original petition herein?" by writing the word "none."

The appellant concedes and it is apparent that the statement so made by the bankrupt under oath was material. His schedules disclosed some of the same debts owing to creditors in Boston from which he had attempted to secure discharge by the bankruptcy proceedings he had begun in that city. It is equally apparent that the statement he made was false, and as he

Harry L. Jacobs, of Kansas City, Mo. (E. R. Klein, of Kansas City, Mo., on the brief), for appellant.

Warren S. Earhart, of Kansas City, Mo (Jeter & Earhart, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal has been taken to reverse an order of the District Court in bankruptcy which sustained the order of the referee denying the appellant a discharge in bankruptcy. The trustee's specifications of objections to the discharge of the bankrupt set forth that the bankrupt had committed an offense punishable by imprisonment as provided by the Bankruptcy Act, Section 14, sub. c(1), 11 U.S.C.A. § 32, sub. c(1), which reads: "The court shall grant a discharge unless satisfied that the bankrupt

was the one who had personally brought the proceedings under the Bankruptcy Act in Boston, lodging his petition and borrowing and paying the fees "to court" himself, obviously his statement that none had been brought by him was knowingly false.

He testified at length before the referee on the hearing of the objections to his discharge and his testimony shows him to be intelligent and fully conversant with written and spoken English language. He made no claim that he had not read the question to which he gave the answer "none", or that he could not understand any of the words or the meaning of the question.

 In Willoughby v. Jamison, 8 Cir., 103 F.2d 821, 823, this court said: "The false oath to justify a denial of a discharge must be 'knowingly and fraudulently' made, that is, it 'must contain all the elements involved in perjury at common law, namely, an intentional untruth in a matter material to an issue which is itself material.'"

Comparing the false oath made by appellant with what the law requires to justify the denial of the discharge, we fail to find any element lacking. But in answering questions on the hearing before the referee the appellant gave discursive, voluble and often irrelevant, unresponsive and digressing answers, extended by appeals to his unhappy plight of insolvency, harassed by creditors, and protestations that he "did not mean to come down here and lie", and in the very able brief of his counsel it is forcibly argued that it may be deduced from certain parts and the whole such testimony that the appellant did not have the necessary fraudulent intent when he falsely swore that no proceedings had been brought by him under the Bankruptcy Act during the six year period.

Careful study of the testimony and the argument has not led us to that conclusion. Appellant's false statement was adapted to, and if it had not been discovered and refuted would have worked a fraud upon the court and upon appellant's creditors in Boston, and he presents no fact or circumstance which tends to excuse or explain the falsity or to reconcile his act in making the statement with an honest intent so that the inference drawn by the trier of the facts that it was fraudulently done can not be deemed unjustified. It is not necessary that one who swears falsely in a matter material to an issue before a court shall understand and appreciate at the time all of the consequences, advantageous or detrimental, that may flow from the act of false swearing. It suffices that he knows what is true and so knowing wilfully and intentionally swears to what is false. We think that the finding of the referee, affirmed by the District Court, that such was appellant's conduct here, was not clearly erroneous so as to justify reversal.

Exceptions were taken to the trustee's specification of the acts constituting the commission of the offense by the appellant. We think the specification fully informed appellant of the charge against him and the allegations of fact were sufficient.

Affirmed.