**Leon B. MEER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5300.**

United States Court of Appeals
Tenth Circuit.

July 11, 1956.

**66**

Joseph N. Lilly, Denver, Colo. (Omar E. Garwood, Denver, Colo., was with him on the brief), for appellant.

Robert D. Inman, Asst. U. S. Atty., Boulder, Colo. (Donald E. Kelley, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.

PHILLIPS, Circuit Judge.

An indictment containing four counts, charging violations of 18 U.S.C.A. § 152 was returned against Meer. Only Count Three is here material. It charged:

"That on or about the 4th day of February, 1953, in the City and County of Denver, State and District of Colorado, at the first meeting of creditors in the matter of Leon B. Meer, Bankrupt, Court No. 14576, Referee's No. 10325, held before the Honorable William Lee Knous, United States District Judge, the said Leon B. Meer did knowingly and fraudulently make a false oath in that he stated that he did not direct the incorporation of L. B. Meer and Company, Inc., a Corporation, whereas he did then and there well know that he did direct the incorporation of the said L. B. Meer and Company, Inc., all in violation of 18 U.S.C. § 152."

Meer was convicted and sentenced on Count Three and has appealed.

18 U.S.C.A. § 152 in part reads:

"Whoever knowingly and fraudulently makes a false oath * * * in or in relation to any bankruptcy proceeding; * * *

\* \* \* \* \* \*

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Section 152, supra, was first enacted in the Bankruptcy Act of 1898. It was transferred to the Criminal Code by the Act of June 25, 1948, 62 Stat. 683, 689.

It will be observed that Count Three does not charge that the alleged false statement was material to the inquiry. Neither does it allege facts showing that it was material to the inquiry.

Meer, by timely motion to dismiss, properly challenged the sufficiency of Count Three to charge an offense on the ground that it did not allege, directly or otherwise, that the alleged false statement was material to the inquiry.

The phrasing of the statute is inartificial. The falsity at which the statute is directed obviously does not lie in the oath, but in the sworn statement.

■ While the materiality of the false statement to the matter under inquiry or to the issue presented is not expressly made an element of the offense, we are of the opinion that Congress did not intend to make it an offense to make a false statement in a bankruptcy proceeding, where such statement involved matters extraneous to such proceeding and not material to the inquiry or issue presented. Both Remington on Bankruptcy and Collier on Bankruptcy state that materiality of the alleged false statement to the matter under inquiry is an essential ingredient of the offense under § 152, supra.[1]

We have found only one criminal case where the point was expressly decided. In United States v. Margolis, 3 Cir., 138 F.2d 1002, the indictment was predicated on § 152, supra. The court held that the answer to the question was not pertinent to the inquiry and set aside the conviction.

However, the question has arisen in a number of cases where an alleged violation of § 152, supra, had been set up as a ground for denying a discharge.[2] In the discharge cases it has been uniformly held that materiality of the alleged false statement to the matter under inquiry or to an issue raised in the bankruptcy proceeding is an essential ingredient of the offense defined in § 152, supra, and must be alleged and proved.[3]

We conclude that materiality of the false statement to the matter under inquiry or to an issue raised in the proceeding is an essential ingredient of the offense defined in § 152, supra.

■ It is not sufficient to charge an offense in the words of the statute, unless the words themselves fully, directly and expressly and without uncertainty or ambiguity set forth all the essential elements constituting the offense intended to be punished.[4]

■ Since Count Three did not charge that the alleged false statement was material to the inquiry, or allege facts showing that the alleged false statement was material to the inquiry, we are of the opinion that it failed to allege an essential element of the offense and that the motion to dismiss should have been sustained.

11 U.S.C.A. § 25 in part provides:

"(a) The bankrupt shall * * * (10) at the first meeting of his creditors, at the hearing upon objections, if any, to his discharge and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate or the granting of his discharge; but no testimony given by him shall be

1. See Remington on Bankruptcy, Henderson, Vol. 7, § 3086, p. 180; Collier on Bankruptcy, 13th Ed., p. 536.

2. 11 U.S.C.A. § 32 in part provides: "(c) The court shall grant the discharge unless satisfied that the bankrupt has (1) committed an offense punishable by imprisonment as provided under section 152 of Title 18; * * *."

3. See Willoughby v. Jamison, 8 Cir., 103 F.2d 821, 823, certiorari denied 308 U.S. 588, 60 S.Ct. 111, 84 L.Ed. 492; In re Slatkin, D.C.Mich., 286 F. 242, 248; Bauman v. Feist, 8 Cir., 107 F. 83, 85; Hanover-Capital Trust Co. v. Meyer, 3 Cir., 57 F.2d 815, 816; In re Mason, D.C.Fla., 8 F.2d 665, 666; Troeder v. Lorsch, 1 Cir., 150 F. 710, 714, 715; Aronofsky v. Bostian, 8 Cir., 133 F.2d 290, 292; In re Chamberlain, D.C.N.Y., 180 F. 304, 306, 307; Morris Plan Industrial Bank v. Finn, 2 Cir., 149 F.2d 591, 592; In re Bergman, D.C.N.Y., 6 F.Supp. 898, 901; In re Opava, D.C., 235 F. 779, 784–785; In re Lovich, 2 Cir., 117 F.2d 612, 613–614, 133 A.L.R. 673. See also: Remington on Bankruptcy, Henderson, Vol. 7, § 3086, p. 181.

4. United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135; Lowenburg v. United States, 10 Cir., 156 F.2d 22, 23; Frankfort Distilleries, Inc., v. United States, 10 Cir., 144 F.2d 824, 830, reversed on other grounds, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564.

offered in evidence against him in any criminal proceeding, except such testimony as may be given by him in the hearing upon objections to his discharge: * * *."

█ Counsel for Meer contend that § 25, supra, gave him immunity from prosecution for the alleged false statement made at the first meeting of the bankrupt's creditors.

If the statute were so construed, it would put a premium on false swearing in a bankruptcy proceeding, and would constitute a license to commit perjury. We are of the opinion that the immunity applies only to past transactions, concerning which the bankrupt might be examined. This construction is supported by the adjudicated cases.[5]

Section 7 of the Bankruptcy Act of 1898, 30 Stat. 548, in part provided:

"Sec. 7. Duties of Bankrupts.— a The bankrupt shall (1) attend the first meeting of his creditors, if directed by the court or a judge thereof to do so, and the hearing upon his application for a discharge, if filed; * * * and (9) when present at the first meeting of his creditors, and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate; but no testimony given by him shall be offered in evidence against him in any criminal proceeding."

By the Act of June 22, 1938, 52 Stat. 847, the immunity provision was reenacted without change, except the following clause was added thereto: " * * * except such testimony as may be given by him in the hearing upon objections to his discharge: * * *."

It will be observed that the 1938 amendment narrowed, rather than broadened, the immunity provision by the exception clause and that the clause "but no testimony given by him shall be offered in evidence against him in any criminal proceeding" in the original Act was reenacted without change in the amendatory Act.

██ We think the reenactment of the provision of the original Act in the amendatory Act evidenced Congressional approval and adoption of the interpretation of the original Act in the decisions cited in Note 5.[6]

We have examined the other matters raised on the appeal. We do not think they merit detailed consideration. Suffice it to say that in our opinion they are not well founded.

The judgment is reversed and the cause remanded, with instructions to dismiss Count Three.

5. Edelstein v. United States, 8 Cir., 149 F. 636, 642–644, 9 L.R.A.,N.S., 236, decided November 30, 1906, certiorari denied 205 U.S. 543, 27 S.Ct. 791, 51 L. Ed. 922; Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128, decided December 4, 1911, citing with approval Edelstein v. United States, supra, and disapproving In re Marx, D.C.Ky., 102 F. 676, and In re Logan, D.C.Ky., 102 F. 876; Cameron v. United States, 231 U.S. 710, 719, 34 S.Ct. 244, 58 L.Ed. 448, decided January 5, 1914.

6. Bridges v. United States, 346 U.S. 209, 221, 73 S.Ct. 1055, 97 L.Ed. 1557; Latimer v. United States, 223 U.S. 501, 504, 32 S.Ct. 242, 56 L.Ed. 526; Hecht v. Malley, 265 U.S. 144, 153, 44 S.Ct. 462, 68 L.Ed. 949; United States v. Ryan, 284 U.S. 167, 175, 52 S.Ct. 65, 76 L.Ed. 224; Electric Storage Battery Co. v. Shimadzu, 307 U.S. 5, 14, 613, 616, 59 S.Ct. 675, 83 L.Ed. 1071; Commissioner of Internal Revenue v. F. G. Bonfils Trust, 10 Cir., 115 F.2d 788, 792.