Calvin STRATTON, Appellant,

v.

UNITED STATES of America,
Appellee.

James MAXWELL, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 9579, 9580.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1968.

———◆———

Alex Stephen Keller, Denver, Colo., for appellants.

Richard T. Spriggs, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, Denver, Colo., with him on brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and DELEHANT, District Judge*.

* Sitting by designation from the Eighth Circuit.

PER CURIAM.

Appellants Stratton and Maxwell appeal their convictions on two counts of a four count indictment [1] charging them with mail fraud in violation of 18 U.S.C. § 1341. Their only contention here is that the trial court erred in admitting the testimony of eighteen Government witnesses regarding crimes or transactions not charged in the indictment merely for the purpose of showing a plan, motive, scheme or design to commit the offenses charged.

We have recently said that "While evidence of other and unrelated crimes is not generally admissible, such evidence is admissible where it is of connected offenses or similar acts and incidents and tends to show that the act for which the accused is being tried was not inadvertent, accidental, unintentional or without guilty knowledge." Beckwith v. United States, 10 Cir., 367 F.2d 458; and see Mills v. United States, 10 Cir., 367 F.2d 366; Robinson v. United States, 10 Cir., 366 F.2d 575; Anspach v. United States, 10 Cir., 305 F.2d 48. Conceding this rule, appellants argue that such collateral evidence should be cautiously admitted due to its inherently prejudicial effect and that even though the number of witnesses to be called on any issue is within the sound discretion of the trial court, the amount of proof admitted here was devastating and unwarranted.

The indictment charged appellants with devising "a scheme to defraud a class of persons, consisting generally of those members of the public who might be induced to invest in a light manufacturing business, which class is hereinafter described as 'purchasers'." Each of the witnesses complained of testified to transactions had with one or both of appellants during the time specified in the indictment, and in each transaction the witness was a "purchaser" of the "equipment package" being sold by the appellants. All of these witnesses did not testify, however, solely as to scheme or plan, but rather to other substantive

1. Appellants were acquitted on Count 3 and Count 4 was dismissed by the court.

aspects of the crime charged. An examination of the record convinces us that the trial court did not abuse the clear discretion committed to it in determining the quantum of this kind of proof in a case of this nature involving a scheme to defraud different persons through separate but similar transactions. There can be no objection if the proof is commensurate with the nature of the charge.

The judgment is affirmed.