Grover Spurgeon KING, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 10040.

United States Court of Appeals
Tenth Circuit.

Oct. 22, 1968.

Rehearing Denied Dec. 9, 1968.

William S. Dorman, Tulsa, Okl., for appellant.

James E. Ritchie, Asst. U. S. Atty., Tulsa, Okl. (Lawrence A. McSoud, Hubert H. Bryant, and Robert P. Santee, Tulsa, Okl., on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HILL, Circuit Judges.

MURRAH, Chief Judge.

This appeal is from a conviction on an indictment charging Grover King with aiding and abetting one William Pack in transporting and causing to be transported in interstate commerce a falsely made and forged security in violation of Sections 2 and 2314 of Title 18 of the United States Code. The check upon which the indictment is based was forged and cashed by Pack alone. The only direct evidence of aiding and abetting on the part of King was driving Pack to the store where Pack cashed the check and receiving part of the proceeds from the check. Other evidence showed that Pack and King were "running around together"; that Pack forged and cashed three other checks shortly before cashing this check; that Pack split the proceeds of one of the earlier checks with King; that King saw Pack sign the forged name on the check before King drove Pack to the store to cash it; that King himself later used the same name to forge a check in Texas as Pack had used on the checks in Oklahoma; and that King split the proceeds of the Texas check with Pack.

The trial court properly instructed the jury, in substance, that to be guilty of aiding and abetting by words spoken or acts done the defendant must wilfully associate himself in some way with the criminal venture by participating in it as something he wishes to bring about and by seeking to make it succeed

by some action on his part. See White v. United States, 10 Cir., 366 F.2d 474; Roth v. United States, 10 Cir., 339 F.2d 863. Mere presence at the scene of the crime with knowledge that the crime is being committed will not suffice to constitute aiding and abetting unless the jury is convinced beyond a reasonable doubt that such defendant was doing something to forward the crime and that he was a participant rather than merely a knowing spectator. Hicks v. United States, 150 U.S. 442, 14 S.Ct. 144, 37 L.Ed. 1137; United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747; Newsom v. United States, 5 Cir., 335 F.2d 237; United States v. Paige, 4 Cir., 324 F.2d 31; United States v. Minieri, 2 Cir., 303 F.2d 550; United States v. Carengella, 7 Cir., 198 F.2d 3; United States v. Garguilo, 2 Cir., 310 F.2d 249; Johnson v. United States, 8 Cir., 195 F.2d 673; Morei v. United States, 6 Cir., 127 F.2d 827.

 Arguing that he did not aid and abet Pack, King points out that Pack and Pack alone stole the blank checks from an acquaintance in Dallas, Texas, whose name he later forged, and that Pack and Pack alone forged and cashed the four checks. King admitted that he did have some doubts about the legality of the checks at first, but that after Pack successfully cashed the second check at a bank in Pryor, Oklahoma, he was convinced that the checks were good and told Pack so. Thus King argues that he had no reason to believe that Pack was going to cash a forged check when he drove him to the store. King's veil of innocence, however, is pierced by his later using the same name to forge the Texas check, but he argues strongly that all evidence of the Texas check should have been excluded as incompetent and prejudicial because it was evidence of a separate and independent crime which under the time-honored rule is inadmissible. See Stratton v. United States, 10 Cir., 387 F.2d 364; Robinson v. United States, 10 Cir., 366 F.2d 575; Morgan v. United States, 10 Cir., 355 F.2d 43; Woodland v. United States, 10 Cir., 347 F.2d 956; Gardner v. United States, 10 Cir., 283 F.2d 580; O'Dell v. United States, 10 Cir., 251 F.2d 704. Judge Seth has clearly set forth the general rule with all its exceptions and principles of application:

" * * * evidence is not admissible to show that the person then on trial committed another and independent crime than the one for which he is there charged. The cases further state that this general proposition is subject to an exception which permits the introduction of evidence as to the specific acts which constitute a crime where such evidence tends to establish a common scheme, plan, system, or design, and where it is so related to the crime charged that it serves to establish that crime charged or to establish a motive, intent, or absence of mistake or accident as to the crime charged. (Citations omitted).

* * * * * *

"Evidence of other crimes than the one charged must however have a real probative value and not just a possible worth on issues of intent, motive, absence of mistake or accident, or to establish a scheme or plan. These are the key words which express the purpose for which an exception to the general exclusionary rule is applied under prior decisions. The words are however not without limit as to breadth and meaning. They must be and will be realistically and closely defined and limited. They cannot become an occasion or excuse or device for offering evidence of other crimes which have little or no real probative value or which is cumulative. This matter is obviously a most sensitive one for the accused and for the trial court. The risk and danger is great, and this must be recognized when considering the probative value of such evidence of specific acts offered to prove the crime charged." Morgan v. United States, supra, 355 F.2d at 45. See also Holt v. United States, 10 Cir., 404 F.2d 914.

Within this rationale we must say that King's using the same name to forge a

check and splitting the proceeds with Pack is such cogent evidence of guilty knowledge and intent as to be clearly admissible.

When the Texas check is considered together with the other evidence of guilty knowledge, there is no doubt of its sufficiency to justify the belief that King knew the check which Pack was going to cash at the store was forged. And King's driving Pack to the store and participating in the proceeds justified the belief beyond a reasonable doubt that he was a conscious participator in the criminal venture and had wilfully acted to make it succeed. See United States v. Garguilo, supra; United States v. Klein, 2 Cir., 340 F.2d 547; Long v. United States, 124 U.S.App.D.C. 14, 360 F.2d 829; United States v. Ragland, 2 Cir., 375 F.2d 471. Our case is clearly distinguishable from Hendrix v. United States, 5 Cir., 327 F.2d 971, where the lady defendant was a mere passenger along with three other persons and did not share in the proceeds.

King also complains of the trial court's refusal to grant his motion for a bill of particulars to set forth what act or acts constituted aiding and abetting and his motion for a new trial on the basis of newly discovered evidence.

We are acutely and sympathetically aware that Rule 7(f), F.R.Cr.P., has been amended for the purpose of liberalizing the office of the bill of particulars. See Notes of Advisory Committee on Rules, Rule 7(f), F.R.Cr. P., appendix at 81. The liberalization was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice. While the discretion continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise. See Will v. United States, 389

U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305; United States v. Smith, D.C., 16 F.R.D. 372. See also Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Cefalu v. United States, 10 Cir., 234 F. 2d 522; Meer v. United States, 10 Cir., 235 F.2d 65.

While it is no answer to a denial of a bill of particulars to say that a defendant knew what he did, it is generally sufficient we think if the defendant is informed of what the Government will claim he did. King did in fact know all along that the Government would claim that he drove Pack to the store and later split the proceeds because King admitted these facts to an FBI agent whose report was made available under Rule 16, F.R.Cr.P. No prejudicial surprise resulted and the defendant's right to a fair trial was not infringed.

Before a new trial for newly discovered evidence should be granted, the defendant has the burden to show that the evidence was discovered since trial, facts from which the court may infer reasonable diligence on the part of the movant, and that the evidence is not merely cumulative or impeaching but is material and of such character that on a new trial such evidence would probably produce a different result. The granting of the motion rests in the sound discretion of the trial judge and the denial will not be reversed in the absence of plain abuse of discretion. See Robinson v. United States, 10 Cir., 345 F.2d 1007; Casias v. United States, 10 Cir., 350 F.2d 317; Wion v. United States, 10 Cir., 337 F.2d 230; Baca v. United States, 10 Cir., 312 F.2d 510; Long v. United States, 10 Cir., 139 F.2d 652.

The newly discovered evidence in affidavit form relied upon for the new trial was to the effect that the two affiants were present in an auto store where Pack was writing on something which turned out to be the check in question, that there were several people gathered around a counter arrangement while Pack was writing, and that King was standing eight or ten feet away at

the opposite end of the counter and could not see Pack actually sign the forged name to the check. The affiants went on to say that Pack attempted to cash the check at the store and after the owner-affiant refused to cash it, Pack, King, and another left and returned about fifteen minutes later to exhibit the money from the check. The only possible discrepancy between Pack's testimony and the affidavits is that King did not see Pack actually forge the name to the check, even though all the parties seemed to have known that Pack had just written the check which he unsuccessfully attempted to cash at the auto store. The circumstances surrounding the cashing of this check together with the Texas check is so strongly incriminating that we are constrained to agree with the trial court that the discrepancy, if it be a discrepancy and going as it does to the guilty knowledge of the forged check, does not require a new trial. Certainly, we cannot, say that the trial court abused its discretion.

Affirmed.